INMAN WILLIAMS *v.* MARY S. JONES, Administratrix.

1. ATTACHMENT AND GARNISHMENT: ANSWER OF GARNISHEE CONCLUSIVE, UNLESS CONTROVERTED. — The answer of a garnishee is conclusive, until excepted to for insufficiency, or controverted; and without a traverse of the same, no testimony can be adduced to contradict it.

2. SAME: JUDGMENT CANNOT BE RENDERED AGAINST GARNISHEE ON HIS ANSWER, UNLESS HIS LIABILITY CLEARLY APPEARS. — Where the garnishee in his answer neither admits nor denies his liability, but states all the facts and leaves the court to decide the matters of law arising thereon, there can be no judgment against him on his answer, unless there clearly appears from the answer facts sufficient to justify the court in pronouncing such judgment.

ERROR to the Circuit Court of the Second District of Hinds county.   Hon. John Watts, judge.

On the 26th day of May, 1866, Mary S. Jones, administratrix of William S. Jones, sued out an attachment against Philip Rotchford and Sheperd Brown, surviving partners of Rotchford, Brown & Co., for the sum of $3,116.03, and had Inman Williams, and H. C. Robertson, executor of Hiram D. Robertson, summoned as garnishees.

H. C. Robertson answered: That he was indebted to Rotchford, Brown & Co. in the sum of $300; that he was indebted to said firm in a much larger sum, evidenced by his two promissory notes, both of which had been transferred, and notice of the same given before service of garnishment.

Inman Williams answered to the following effect: That he was not now, nor was he at time of service of garnishment, indebted to Rotchford, Brown & Co., or the survivors of said firm; that in March, 1861, he was indebted to said firm in the sum of $4,470.37, with ten per cent interest from maturity, for which he executed his three promissory notes to Rotchford, Brown &

Co., or order, of which he had notice of their transfer to other parties than the payees. One of the notes, amounting to $1,594.89, garnishee had notice, on 22d May, 1866, was transferred to E. K. Converse; and Sheperd Brown, in May last, informed the garnishee that the other two notes had passed out of the hands of Rotchford, Brown & Co., to creditors of the firm; "therefore affiant declares he is not in any manner indebted to Rotchford, Brown & Co., nor was he at the time of the service of the garnishment." The answer was sworn to on the 13th August, 1866.

After proof of publication made for the defendants in the attachment, and judgment by default against them, the following entry appears in the record: "And it further appearing to the satisfaction of the court, from the answer of the garnishee, Inman Williams, and the proofs offered in the cause, that said Williams is indebted to defendants in a sum larger than due from defendants to plaintiff, it is therefore considered by the court that plaintiff receive of said Williams the sum of $2,205.45."

Judgment against Robertson for the sum of $300.

Then follows this entry: "On motion of plaintiff for judgment against the garnishee, Inman Williams, notwithstanding his answer, plaintiff introduced the following testimony: Deed of trust from Inman Williams, executed on 16th March, 1861, to John Shelton, trustee, to secure the payment of the notes to Rotchford, Brown & Co., mentioned in the answer of Williams. Plaintiff's counsel admitted that the note for $1,594.90, mentioned in the deed of trust, was transferred to E. K. Converse, in good faith, before the service of the garnishment."

Williams, the garnishee, testified that in the latter part of May, 1866, he went to New Orleans, and Sheperd Brown, of the firm of Rotchford, Brown & Co., informed him that he had passed off the notes of witness in liquidation of the debts of the firm; that upon diligent inquiry he was unable to ascertain who are the holders of said notes, nor does he know at this time.

It was admitted by plaintiff that at the time of the execu-

tion of the notes, it was understood that they were to be passed off in liquidation of the indebtedness of Rotchford, Brown & Co.

The garnishee, Williams, from the judgment against him, prosecutes a writ of error to this court.

*C. E. Mount* for plaintiff in error.

*John Shelton* for defendant in error.

PEYTON, J., delivered the opinion of the court.

The defendant in error, as administratrix *de bonis non*, with the will annexed, of William S. Jones, deceased, on the 26th day of May, 1866, sued out an attachment against the goods and chattels, rights and credits, of Philip Rotchford and Sheperd Brown, survivors of the late firm of Rotchford, Brown & Co., for the sum of $3,116.03, returnable into the Circuit Court for the Second District of Hinds county. And the plaintiff in error was summoned as garnishee, to answer what he was indebted to the defendants in the attachment, or what effects of the defendants he had in his hands, or what effects or debts of the defendants there were in the hands of any other person to his knowledge or belief.

The plaintiff in error appeared in said Circuit Court on the 13th day of August, 1866, and answered that he was not indebted to the defendants in the attachment, or either of them, nor was he indebted to them or either of them at the time of the service of the writ of garnishment. That some time in the month of March, 1861, he was indebted to Rotchford, Brown & Co. in the sum of $4.470.37, for which he executed three several promissory notes, payable to said Rotchford, Brown & Co., or order; that on the 22d day of May, 1866, he had notice that one of said notes, for $1.594,89, had been transferred to one E. K. Converse, and was informed by said Sheperd Brown, in said month of May, that all three of said notes had passed out of the hands of said firm of Rotchford, Brown & Co. in settlement of their debts to their creditors, before the service of the writ

of garnishment upon him, and that therefore he was not in any manner indebted to the defendants, Rotchford and Brown, survivors of Rotchford, Brown & Co.

The record shows that the court rendered judgment against the plaintiff in error, on the answer and proofs filed in the cause, for the sum of $3.205.45. From which judgment the cause comes here upon writ of error.

No exceptions appear to have been taken to the legal sufficiency of the answer, which is conclusive until controverted by the plaintiff in the attachment; which does not appear to have been done in this case, and until the answer is controverted and an issue thereon to the jury, no testimony could properly be received to contradict the answer. The court erred in this state of the case in receiving testimony against an answer which was conclusive until controverted in writing, and which would not, independently of the improper evidence received, justify the judgment rendered against the plaintiff in error. His answer, though defective and inartificially drawn, contains a substantial denial of indebtedness. In the case of *Gordon* v. *Coolidge*, 1 Sumner, 537, the court says " that where the garnishee neither admits nor denies his liability, but states all the facts, and leaves the court to decide the matter of law arising thereon, there can be no judgment against him, unless there clearly appear on the face of those facts sufficient to justify the court in pronouncing such judgment. If it be left in reasonable doubt whether he is chargeable or not, he is entitled to judgment in his favor."

The plaintiff in the attachment having waived her right to an issue before a jury to inquire into the true facts of the case, the court is bound to take the answer to be true, and as embracing the real facts of the case; and as that denies the garnishee's indebtedness to the defendants in the attachment, and it not appearing by the record that the answer was excepted to for insufficiency, or the truth of it questioned in the manner required by the statute, the judgment against the plaintiff in error was erroneous.

The judgment is reversed and the cause remanded.