## Consumers' Ice Co. v. Cook Well Co.

PRACTICE. *Garnishment. Answer. Traverse; when filed. Code* 1892, § 2145.

Section 2145, code 1892, is imperative in requiring that a plaintiff wishing to contest the answer of a garnishee shall file his traverse at the term at which the answer is filed. An application made at a subsequent term for leave to file such traverse should be denied.

From the circuit court of Washington county.

Hon. R. W. Williamson, Judge.

The case is stated in the opinion.

*J. H. Wynn* and *Dabney & McCabe*, for appellant.

The court had discretion to grant the application. We submit there was an abuse of discretion. *Hodge* v. *Darden,*

51 Miss., 199; *Pfeifer* v. *Chamberlain*, 52 *Ib.*, 89. The garnishee was in court, and subject to its orders until discharged. *O'Brien* v. *Liddell*, 10 Smed. & M., 371. This case does not conflict with *Roberts* v. *Barry*, 42 Miss., 260.

The provisions of § 2145, code 1892, must be taken with modifications. It provides that the issue is to be tried at once, yet it cannot be tried until after judgment against defendant. *Kellogg* v. *Freeman*, 50 Miss., 127.

The term of service on the defendant is therefore the first term within the meaning of the statute. That the statute is not to be literally enforced, see 50 Miss., 127, 795. It is not pretended the conditions were changed at the subsequent term. No harm can accrue to the garnishee by allowing the traverse. There was no laches on the part of plaintiff.

Section 2146 provides that defendant may contest the answer. Of course this must be after defendant is brought into court, which may not be at the return-term of the garnishment.

*Jayne & Watson*, for appellee.

The provisions of § 2145, code 1892, are imperative. Plaintiff, having procured the garnishment requiring appellee to answer at a certain term, should have contested the answer at the same term. Failure to do so was a discharge of the garnishment proceedings.

WOODS, J., delivered the opinion of the court.

The Consumers' Ice Company sued out an attachment against the Cook Well Company, returnable to the May term, 1893, of the circuit court of Washington county, and garnished the Delta Water-works. The garnishee appeared at the return-term as commanded, and answered, under oath, denying indebtedness, etc. No contest of the answer of the garnishee was filed at that term, but at the December term the attaching creditor made application for leave to file its traverse of the garnishee's answer. This application was by

the court denied, and from this action this appeal is prosecuted.

Section 2145, code 1892, requires the plaintiff, if he shall believe the answer of the garnishee to be untrue, or that it is not a full discovery as to the debt due by the garnishee or as to the property in his possession belonging to the defendant, to contest the answer, in writing, specifying in what particulars he believes the same to be incorrect, at the term when the answer is filed, unless the court grant further time in which to file the contest. We feel constrained to enforce the plain requirement of the statute as we find it written. The garnishee, a stranger to the parties and their litigation, is, on plaintiff's demand, compelled to appear in court on the first day of the return-term, and answer, under oath, as to his supposed indebtedness to the defendant, on pain of having, if he inadvertently fails to do so, judgment entered against him for a debt he may have never heard of, and which he does not owe. Thus dragged into the controversy of strangers, it is not unreasonable that, when he promptly appears and complies with the law by answering, the plaintiff, who has dragged him in, shall also be required to comply with the law by contesting the answer at the first term, if he believes it to be untrue. It seems altogether right that the plaintiff should give attention to his demand on a stranger to his litigation, and, by timely action, put it in the garnishee's power to be at once discharged from his compulsory, perhaps needless, attendance upon a court in which he is not a suitor. The letter of the law and its spirit, in this instance, are in perfect harmony, and we can engraft no exception on it.

*Affirmed.*