HATTIESBURG TRUST & BANKING COMPANY v. WILLIAM W. HOOD.

[52 South. 790.]

1. GARNISHMENT.    *Answer.    Failure to contest.    Effect.*
   The answer of a garnishment denying liability is conclusive, in the absence of its contest.

2. SAME.    *Same.    Sufficiency.*
   An express denial of liability in the answer of a garnishee is not affected by an admission of the receipt of invoices for collection, nothing more in respect thereto being shown, and in the absence of its contest such an answer does not warrant a judgment against the garnishee.

3. JUSTICES OF THE PEACE.    *Review of judgment.    Disposition on reversing.    Certiorari.    Code 1906, §§ 90, 2353.*
   Where the circuit court reverses the judgment of a justice of the peace on *certiorari* at the suit of a garnishee, because erroneously rendered on his uncontested answer, it should render judgment final for him, under Code 1906, § 90, authorizing the rendition.

of such judgment as the justice of the peace should have rendered, and should not permit his answer to be contested in the circuit court, since Code 1896, § 2353, requires the contest of an answer to be filed at the term of court at which the answer is filed.

FROM the circuit court of Forrest county.

HON. WILLIAM H. COOK, Judge.

Hood, appellee, was plaintiff in the court below, the Claude L. Nabors Lumber Company was defendant there; the proceeding was by attachment and the Hattiesburg Trust & Banking Company, appellant, was garnished. The suit was begun in the court of a justice of the peace and judgment was there rendered in plaintiff's favor against the defendant and the garnishee. From a judgment of the circuit court dismissing *certiorari* sued out by the garnishee to review the judgment of the justice of the peace the garnishee appealed to the supreme court.

The appellant trust and banking company garnishee, on the return day of the writ filed its answer before the justice of the peace, denying any indebtedness to the defendant lumber company, but admitting that it had received for collection designated invoices of the lumber company against certain non-residents in which it had no interest other than to collect the same for defendant. The defendant lumber company traversed the grounds of attachment, and denied that it owed anything whatever to the plaintiff. Plaintiff did not contest the answer of the garnishee. No appeal within the statutory five days' time was taken by the garnishee; but after the expiration of that time from date of judgment the garnishee carried the case to the circuit court by *certiorari*.

*R. S. Hall,* for appellant.

This case was properly brought to the circuit court on *certiorari* as provided by Code 1906, § 90. It was the plain duty of the court below to examine the questions of law arising

or appearing on the face of the record and proceedings. The illegality of the judgment was there clearly pointed out to the circuit court, but in the face of the errors of the justice of the peace the circuit court sustained the motion of appellee to dismiss the writ of *certiorari* and gave judgment against appellant. The petition alleges that appellant was misled in the recital of the judgment and that appellant was imposed upon by the rendition of the same. Accordingly, the judgment should be vacated. No judgment obtained in such manner should be permitted to stand. No court should decide such matters on a motion to dismiss without proof, but should take the fullest testimony so that absolute justice could be done all litigants. *Thomas v. Sturges,* 32 Miss. 261; *Williams v. Jones,* 42 Miss. 273; *Ice Co. v. Wells,* 71 Miss. 886; 14 Am. & Eng. Ency. Law, 787; *Mayes v. Phillips,* 60 Miss. 547; *Russell v. Clingan,* 33 Miss. 535; *Gordon v. Moore,* 62 Miss. 496.

*Currie & Currie,* for appellee.

The garnishee's remedy was by appeal, and his petition set up no sufficient reason for failing to appeal.

The *certiorari* presents only the record of the trial in the justice court for review, and not the case itself for trial *de novo,* and unless there appears on the face of the record and proceedings errors of law, the judgment of the justice must be affirmed. The statute law expressly provides what matters can be inquired into by a proceeding of this kind. It creates the right and the remedy, and the remedy cannot go beyond the right. The right is only to have questions of law arising on the face of the record reviewed by a higher court. The statute reads as follows: "And in any cause so removed by *certiorari,* the court shall be confined to the examination of questions of law arising and appearing on the face of the record and proceedings. Code 1906, § 90.

The petition filed by the garnishee does not point out a single error of law apparent on the face of the record and proceedings. The writ was therefore improperly granted and should have been dismissed. It was the duty of the garnishee to follow up its petition and point out to the court below the errors of law complained of, and having failed to do this the motion to dismiss was properly sustained. *O'Leary v. Bolton,* 50 Miss. 172.

The answer of the garnishee shows that it had property of the debtor in possession; and the garnishee failed to deliver such property to the officer making the levy, and accordingly the garnishee thereby became liable under Code 1906, § 2354, to the plaintiff in the value of the property to the amount of plaintiff's judgment debt, the proof showing the property to be worth more than the amount of plaintiff's judgment debt, hence it was not necessary to enter into any contest even though in another part of the answer garnishee had denied this.

MAYES, C. J., delivered the opinion of the court.

The *certiorari* should not have been dismissed. The record sent up by the justice shows that there should have been no judgment entered against the garnishee, as there was an answer filed at the time denying indebtedness. There was no contest of this answer, and it was conclusive. This being the case, instead of dismissing the writ, the court should have reversed the judgment of the justice and entered a judgment in the circuit court in accordance with the requirements of Code 1906, § 90, discharging the garnishee from any liability. After the case reached the circuit court it was too late to contest the garnishee's answer, since Code 1906, § 2353, requires that the contest be made, if at all, "at the term when the answer is filed." The only judgment the circuit court could render, under the facts of this case, was a judgment reversing the justice and discharging the garnishee. No contest could be made in the circuit

court for the first time. *Williams v. Jones,* 42 Miss. 270; *Gordon v. Moore,* 62 Miss. 496; *Ice Co. v. Cook-Well Co.,* 71 Miss. 886, 16 South. 259.

But it is claimed on the part of appellees that the answer of the garnishee shows it had some property in its possession which belonged to the debtor, and therefore it was not necessary to enter into any contest, even though in another part of the answer it had denied this. If the facts sustained appellee's contention, there would be no difficulty; but it is apparent that appellant never intended to make any such admission. The answer may not be as clear as it ought to be in some of its aspects; but it is certain that it denies indebtedness, and when this is the case it should be clear that there is an admitted liability before an effect should be given to an alleged admission which is at variance with express denial. The remedy by contest is easy and available, and should be invoked by the attaching creditor, instead of relying on a supposed admission at variance with an express denial.

*Reversed and remanded.*