MECHANICS & TRADERS INS. CO. ET AL. *v.* BUTLER.

[76 South. 521, Division A.]

1. GARNISHMENT. *Answer. Sufficency. Statute.*

Under our statute on garnishments, it is the duty of the garnishee to expressly admit or deny any indebtedness to the defendant in attachment or execution as the case may be, and upon his failure to to do the plaintiff is entitled to a judgment by default unless the answer contains sufficient matter to entitle the garnishee to amend, in which event the plaintiff must except thereto, and if the exception should be sustained by the court, leave should be given to the garnishee to answer over, and upon his failure so to do judgment should be rendered against him by default for want of a sufficient answer.

2. SAME.

Where the answer of the garnishee simply amounts to an allegation that he is unable to say whether or not he is indebted to the defendant, but that in the event he should afterwards ascertain that he is so indebted he will with the permission of the court, file an amended answer setting that fact forth. In such case the proper course for plaintiff to pursue with such answer is to except thereto, which exception should be sustained by the court and judgment for want of a sufficient answer awarded, unless the garnishee ask leave to amend, in which event he should be permitted so to do, and if dissatisfied with the amended answer plaintiff should then take issue upon the answer and the cause should then proceed to trial thereon.

3. SAME.

Where the answer of the garnishee requested permission to file amendments thereto at a later day thereby continuing the case in court until it should be disposed of in a proper manner, it was not necessary for exceptions to have been filed at the same term at which the answer was filed.

4. GARNISHMENT. *Answer. Judgment.*

Under our garnishment statute, an answer of garnishees admitting an indebtedness due the defendant and allegeing that it was subject to certain attachments was too vague and indefinite to raise an issue relative thereto, so that plaintiff was entitled to judgment on the answer for the amounts admitted to be due.

5. GARNISHMENT. *Answers. Contest. Statute.*

In such case, the plaintiff lost the right to contest such answer, and obtain judgment for larger sums than those admitted to be due by the answer, where he did not contest the answer of the garnishee during the term at which it was filed, or obtain leave from the court to contest it, at a subsequent term, since under section 2353, Code, 1906, the garnishee's answer must be contested at the term at which it was filed or leave then obtained from the court to contest the same at a subsequent term.

APPEAL from the circuit court of Coahoma county.

HON. W. A. ALCORN, Judge.

Suit by G. W. Butler against Mrs. R. Freedman, with garnishment against the Mechanics & Traders Insurance Company and others. From a judgment for plaintiff against the garnishees, they appeal.

The facts are fully stated in the opinion of the court.

*McLaurin & Arminstead,* for appellant.

We think that this case is governed by section 2353 of the Code of 1906, and the decisions thereunder, and under similar statutes in previous codes. By reference to the above section of the code the court will see that it is made the duty of the attaching creditor, "at the term when the answer is filed," unless the court grants further time, to contest the answer of the garnishee in writing, specifying in what particular he believes the answer to be incorrect, and thereupon the court shall try the issue at once. unless cause be shown for a continuance, as to the truth of the issues. All of the answers of the appellants (garnishees in the court below) were filed at the return term of the circuit court of the second judicial district of Coahoma county, which was on the first Monday of March, 1915, and the first Monday of March, 1915, was the first day of March, 1915. This term of court lasted for twenty-four days. Acts of 1914, p. 324. No contest in writing was made of the several answers of these garnishees (appellants here) at this return term, nor was there any order of the court granting further time in which to contest the answers of these garnishees, and consequently there was no issue made up by the court to be tried at once, as specified in the statute, and after this return term the garnishees' (appellants') answers became conclusive. *Smither* v. *Fitch,* 1 S. & M. 541; *Williams* v. *Jones,* 42 Miss. 270; *Gordon* v. *Moore,* 62 Miss. 493-496; *Hattiesburg Trust & Banking Co.* v. *Hood,* 97 Miss. 340-344.

In the case of *Williams* v. *Jones,* 42 Miss. *supra,* it is said if it be left in reasonable doubt whether the garnishee is chargeable or not, he is entitled to judgment in his favor. These answers of these various appellants as garnishees having been filed at the return term of the garnishment writ, to wit: The March term, 1915, and no contest of said answers having been filed until July 19, 1915, after the May term of the circuit court of the

second judicial district of Coahoma county had ended, made it unnecessary for these garnishees to give any further attention to these answers, as all of them denied any indebtedness to the defendant in attachment, except the German Fire Insurance Company and the Globe & Rutgers Fire Insurance Company, and they advised that prior writs of garnishment had been served upon them in the same case by creditors of the same debtor in a sister state, which were prior in time, and prior, therefore, in preference, and the court could not ignore these facts. No contest having been made at the return term of the answers, and no order hav'ng been granted by the court giving further time in which to file the contest, entitled each one of these garnishees to be discharged from any further liability, and any judgment rendered again't them after the return term, at which their answers were filed, was null and void. *Ice Company* v. *Cook Well Co.,* 71 Miss. 886-888, 97 Miss. 343-344.

The answers of the German Fire Insurance Company and Globe & Rutgers Fire Insurance Company became then conclusive as given at the return term of the circuit court of the second judicial district of Coahoma, county, to wit: the March term 1915, but in these two answers an indebtedness was admitted, but the court was advised that it was subject to four other previous garnishments in the state of Tennessee and returnable on the 15th day of December, 1915. These garnishments in a sister state were ignored and judgment taken against these companies one year after they had filed their answers, to wit: on the 17th day of March, 1916, in violation of the constitutional protection to the full faith and credit required by the Constitution of the United States to be given to the records and judicial proceedings of a sister state. These prior judgments in the state of Tennessee doubtless consumed all of the amount admitted to be due and this would have been shown if the contest had been made at the return term as required by law, and we respectfully submit that the judgments as to the German

Fire Insurance Company and the Globe & Rutgers Fire Insurance Company are void, not only for the reason that no contest was filed at the return term, by which their answers became conclusive, as did the answers of those other Insurance Companies among the appellants who denied any indebtedness whatever to the defendant in attachment, but the judgment against the German Fire Insurance Company and the Globe & Rutgers Fire Insurance Company are void, not only for the reason that no contest was filed at the return term, by which their answers became conclusive, as did the answer of those other insurance companies among the appellants who denied any indebtedness whatever to the default in attachment, but the judgment against the German Fire Insurance Company and the Globe & Rutgers Fire Insurance Company is void for another reason, and that is that the judgments taken were in violation of the full faith and credit clause of the Constitution of the United States above set forth, in that it ignored the garnishments that had been served upon these same garnishees in a sister state.

On the foregoing authorities, and for the reasons set forth, it is respectfully submitted that the judgments against the several appellants in this cause as garnishees are irregular and void, and that the same should be reversed and the garnishees finally discharged, as should have been the judgment of the lower court, and this court now rendering such judgment as the lower court ought to have rendered, under section 4919 of the Code of 1906, should, if we are correct in our contentions, render final judgment in the supreme court, discharging these garnishees from any liability whatever in this cause.

*W. E. Denton,* for appellee.

There were no defects in the proceedings and judgments against Mrs. S. R. Friedman, the defendant, in the lower court, under the well known statutes governing

such proceedings; but if such defects existed they cannot be availed of by these garnishees unless they were such as to render the judgments against the defendant void. 20 Cyc., 1085; *Fields* v. *McKinney,* 60 Miss. 763; *Saddler* v. *Prairie Lodge,* 59 Miss. 572; *Benson* v. *Halloway,* 59 Miss. 358.

It is contended that appellee did not traverse the answer filed by appellants in the garnishment proceedings below within the time required by the statute. This is an appeal upon the naked record, and the facts which were known to the court below are not known to the supreme court; but if the delay complained of actually existed, and if the lower court did not extend the time for filing these traverses, appellants cannot now complain, because it was their duty to raise the point in the court below. They should have raised this point by making a motion to quash the writ of garnishment and if they had done so the merits of that controversy would now be before the supreme court. 20 Cyc. 1125.

The supreme court will not entertain questions which were not raised in the trial court. Every presumption will be indulged in favor of the judgment below; and, in the absence of the proof from the record, the judgment of the trial court should be affirmed if there is any possibility of its correctness under any conceivable state of case which would have arisen under the pleadings. *Cavel* v. *Smith,* 69 Miss. 296; *Bowers* v. *Ross,* 55 Miss. 235; *Kellum* v. *State,* 64 Miss. 226; *Bernham Bros.* v. *Brogan,* 66 Miss. 184; *Kelly* v. *Harrison,* 69 Miss. 856.

The extreme extent to which appellate courts will go in presuming the rightfulness of judgments in the trial court is very well illustrated by the text and myriad cases cited in 3 Cyc. 375 to 324 inclusive. I especially call the attention of the court to note 74 on page 294 (ib.) where numerous cases are cited holding that preliminary proceedings, upon an incomplete record, will be presumed to have occurred, although missing from the record.

In cases of this kind, it is proper for the trial court to permit plaintiff to file his contest of garnishee's answer at a term subsequent to the term required by the statute, if the contest is filed before an order is taken discharging the garnishee. *Banks* v. *Hunt,* 70 Ga. 741.

SMITH, C. J., delivered the opinion of the court.

This record presents the separate appeals of the Mechanics' & Traders' Insurance Company, Aetna Insurance Company, National Fire Insurance Company, Stuyvesant Insurance Company, German Fire Insurance Company, and Globe & Rutger's Fire Insurance Company, from separate judgments rendered against each of them as garnishees in a garnishment proceeding.

In January, 1915, appellee instituted a suit by attachment in the circuit court of the Second judicial district of Coahoma county against Mrs. R. Friedman to recover an indebtedness alleged to be due him, and alleging that she was about to remove herself or property out of the state, and suggested that appellants were indebted to her, whereupon writs of garnishment were issued and served upon them as provided by law. The answers of the Stuyvesant Insurance Company, Mechanics' & Traders' Insurance Company, National Fire Insurance Company, and Aetna Insurance Company, after setting forth that the garnishee was not indebted to the defendant, did not have any of her effects in its possession or under its control, that it did not know or believe that any other person was indebted to her, and that it did not know or believe that any other person had effects belonging to her or in his possession or under his control, proceeded as follows:

"The said garnishee now states to the court that it carried a policy of insurance on the defendant's, Mrs. R. Friedman's, property, and that the same has not been adjusted, and it has not at this time been determined whether there is any liability under said garnishee's policy or not, and said garnishee asks that if it shall be subsequently determined that there is any liability un-

der said policy, that this garnishee be permitted to make a supplemental answer to this writ, after learning definitely what sum, if anything, is due said defendant.''

. The answers of the German Fire Insurance Company and the Globe & Rutger's Fire Insurance Company each admitted an indebtedness due by each of these companies to Mrs. Friedman of eight hundred seventy five dollars and fourteen cents, negatived the other interrogatories contained in the writs of garnishment, and then proceeded as follows:

''This indebtedness, however, is subject to the following attachments:

''Attachment No. 1, served through F. M. Guthrie, J. P., Memphis, Tenn., on the 5th day of December, 1914, in favor of the National Bedding Company, and returnable on the 15th day of December, 1914.

''Attachment No. 2, served through F. M. Guthrie, J. P., Memphis, Tenn., on the 5th day of December, 1914, in favor of the Mississippi Valley Furniture Company, and returnable on the 15th day of December, 1914.

''Attachment No. 3, served through F. M. Guthrie, J. P., Memphis, Tenn., on the 5th day of December, 1914, in favor of the Ellet Rendall Shoe Company, returnable on the 15th day of December, 1914.

''Attachment No. 4, served through Jas. P. Cashin, J. P., Memphis, Tenn., on the 31st day of December, 1914, in favor of the Wm. R. Moore Dry Goods Company, and returnable on the 9th day of January, 1915.

''The claim of G. W. Butler and Marquette Cloak & Suit Company.''

These answers were not traversed nor in any way contested at the term of court at which they were filed, but at the next term traverses thereof were filed in writing by appellee, in which he set forth the amount claimed by him to be due by each company to Mrs. Friedman; and the issue thus joined was submitted to a jury, which returned a verdict in each case for

appellee in the sum claimed by him to be due from each company, and judgments were entered accordingly. Appellees were not aware of this proceeding until after the adjournment of the court.

Under the statute it is the duty of the garnishee to expressly admit or deny any indebtedness to the defendant in attachment or execution, as the case may be, and upon his failure so to do the plaintiff is entitled to a judgment by default unless the answer contains sufficient matter to entitle the garnishee to amend, in which event the plaintiff must except thereto, and if the exception should be sustained by the court, leave should be given to the garnishee to answer over, and upon his failure so to do judgment should be rendered against him by default for want of a sufficient answer. The answers of the Stuyvesant Insurance Company, Mechanics' & Trader's Insurance Company, National Fire Insurance Company, and Ætna Insurance Company simply amount to an allegation that they are unable to say whether or not they are indebted to Mrs. Friedman, but that in event they should afterwards ascertain that they are so indebted they will, with the permission of the court, file amended answers setting that fact forth. The proper course for appellee to have pursued with these answers was to have excepted thereto, which exception should have been sustained by the court and judgments for want of a sufficient answer awarded, unless appellants asked leave to amend, in which event they should have been permitted so to do, and if dissatisfied with the amended answers appellee could have then taken issue upon them and the causes should then have preceeded to trial thereon. It was not necessary for these exceptions to be filed at the same term at which the answers were filed, for the reason that the answers themselves requested permission to file amendments thereto at a later day, thereby continuing the cases in court until they should be disposed of in a proper manner.

The answers of the German Fire Insurance Company and Globe & Rutger's Fire Insurance Company each admitted an indebtedness due by each of them to Mrs. Friedman, and the allegations therein that this indebtedness is subject to certain attachments is too vague and indefinite to raise an issue relative thereto, so that appellee was entitled to judgments on the answers for the amounts admitted to be due. Appellee lost the right, however, to contest these answers and obtain judgments for larger sums than those admitted to be due, for the reason that under section 2353, Code 1906, the answer of a garnishee must be contested during the term at which it is filed, or leave then obtained from the court to contest the same at a subsequent term. *Ice Co.* v. *Cook Wells Co.,* 71 Miss., 886, 16 So. 259; *Hattiesburg Trust & Banking Co.* v. *Hood,* 97 Miss. 340. 52 So. 790.

The judgments of the court below will be reversed, and the causes remanded to be proceeded with in accordance with this opinion.

*Reversed and remanded.*