HUNTER *v.* COMMERCIAL SECURITIES COMPANY, INC.

No. 41198          June 8, 1959          113 So. 2d 127

June 8, 1959    113 So. 2d 132

*Buckley & Stricker*, Jackson, for appellant.

*Young, Daniel & Coker,* Jackson, for appellee.

McGehee, C. J.

On May 5, 1954 the appellee recovered a final decree in the Chancery Court of Hinds County against the appellant, John H. Hunter, doing business as Mutual Auto Sales, for the sum of $16,187.61, growing out of the "floor planning" by the appellee of a number of automobiles for and on behalf of the appellant. The final decree for the said amount was not appealed from and became a final, subsisting and enforceable decree or judgment, insofar as anything that may have occurred in regard thereto prior to August 27, 1958 when the appellant was duly adjudicated a bankrupt.

On August 14, 1958 the appellee, through its attorneys, filed a suggestion for writ of garnishment against the First National Bank of Jackson, Mississippi, and a writ of garnishment was duly issued against the said bank on August 18, 1958, requiring the bank to answer as to whether or not it was indebted to the appellant, John H. Hunter. The bank in due time answered that it was indebted to the said judgment debtor, John H. Hunter, in the sum of $23.92, according to an order rendered by the chancellor on October 4, 1958, awarding a decree against the garnishee bank for the said amount.

On August 10, 1958 the appellee, through its attorneys, had also filed a suggestion for writ of garnishment against J. L. Blakeslee, Jr., doing business as Service Motor Company of Hinds County, Mississippi, and a writ of garnishment was duly issued against the said garnishee on August 14, 1958. On September 9, 1958 the said Service Motor Company by John L. Blakeslee, Jr. filed its answer as garnishee stating that it owed the appellant, John H. Hunter, a net balance of $205.76, but that the said John H. Hunter was adjudicated a bankrupt in the United States District Court for the Southern District of Mississippi on August 27, 1958 and that the said "John H. Hunter is entitled to all statutory exemptions under the laws of the State of Mississippi, which are now pleaded for said defendant by the garnishee, and that the funds hereinabove should be found to be exempt from garnishment on information and belief now pleaded."

On October 1, 1958 another suggestion for writ of garnishment was made by the appellee, Commercial Securities Co., Inc. by its attorneys against John L. Blakeslee, Jr. & C. H. Blakeslee, a partnership, doing business as Service Motor Company of Hinds County, Mississippi. A writ of garnishment on that suggestion for writ of garnishment was issued on October 1, 1958 and served on the garnishees on that same date. Thereupon on the said October 1, 1958 the chancellor rendered an order re-

citing, among other things, that "this cause having this day come on for hearing upon a motion by the defendant John H. Hunter for the release of all wages earned by him subsequent to September 9, 1958, which was the return date of the writ of garnishment issued in this cause under which the garnishee defendants, John L. Blakeslee, Jr. and C. H. Blakeslee, doing business as Service Motor Company, are now holding the aforesaid wages of defendant, and the court being fully advised in the premises is of the opinion that said motion should be sustained." It was therefore ordered, adjudged and decreed that the wages and salary of John H. Hunter, earned subsequent to September 9, 1958, are not held by the writ of garnishment heretofore served on the garnishee defendants, on August 18, 1958, and the same is hereby released from said writ of garnishment heretofore issued in this cause. No appeal is taken from that order by the appellee judgment creditor.

The chancery court rendered a further order on October 4, 1958 reciting that the First National Bank had admitted an indebtedness to the said defendant in the amount of $23.92, and awarded the appellee, Commercial Securities Co., Inc. a judgment against the garnishee defendant, First National Bank, in the sum of $23.92. No appeal is taken from the last-mentioned order.

The chancellor rendered a further order on October 4, 1958 in regard to the garnishments against John L. Blakeslee, Jr., doing business as Service Motor Company, reciting that the garnishee had admitted an indebtedness to John H. Hunter in the sum of $205.76, but that the said John H. Hunter is entitled to claim exempt from the indebtedness owed him by the said garnishee the sum of $100 in accordance with the provision of Sec. 307, Miss. Code of 1942, as amended. The order of the court further recited that "the court further finding that another writ of garnishment was issued from this court and served upon John L. Blakeslee, Jr., doing business as

Service Motor Company on October 1, 1958, and that the said John L. Blakeslee, Jr., doing business as Service Motor Company, now holds money due and owing unto the defendant, John H. Hunter, by virtue of said writ of garnishment, and

"The court further finding from the record that the decree heretofore entered against the defendant (meaning John H. Hunter) herein in favor of Commercial Securities Co., Inc., in the amount of $16,187.61 with interest, was based upon a wilful and malicious injury to the property of Commercial Securities Co., Inc., within the meaning of Sub-section 2 of 11 U. S. C., Sec. 35, and that, accordingly, the adjudication of bankruptcy of said defendant constitutes no bar to the collection of the aforesaid decree."

The court then awarded to the appellee, Commercial Securities Co., Inc. a decree for $105.76 on the first of the garnishments hereinbefore mentioned, and ordered, adjudged and decreed that $100 of the $205.76 be turned over to the defendant, John H. Hunter, as exempt.

In the order above mentioned the motion of John H. Hunter for an appeal to the Supreme Court of Mississippi with a supersedeas bond was sustained, and the appeal bond as a supersedeas was fixed in the sum of $1,000.

It will be noted in reference to the writ of garnishment issued on October 1, 1958 against John L. Blakeslee, Jr., doing business as Service Motor Company, recites that the said garnishee "now holds money due and owing unto the defendant John H. Hunter, by virtue of said writ of garnishment" but fails to specify the amount of money that the garnishee then held. However the supersedeas appeal bond given by John H. Hunter and his sureties recites that the court had held that the indebtedness of $16,187.61 "was not such a debt or obligation as is dischargeable in bankruptcy; that on October 1, 1958 another writ of garnishment was served on the employers of the defendant, John H. Hunter, and that

the aforesaid employers of the defendant now have in their possession $580.76 and that the said John H. Hunter, feeling aggrieved by said judgment, has prayed and obtained an appeal to the Supreme Court, * * *.'' But there is no answer of the garnishee in the record admitting that the garnishee held in its possession the sum of $580.76, and there is no judgment or decree in the record against the garnishee for the said amount.

Both the judgment debtor, John H. Hunter, and the garnishee, Service Motor Company by John L. Blakeslee, Jr., a partner therein, pleaded the adjudication in bankruptcy as a defense to the collection of the amount due Hunter by the garnishee, and the said John H. Hunter attached to his sworn answer a certified copy of his adjudication in bankruptcy.

The judgment creditor did not join issue on the question thus tendered to it by the sworn answer of John H. Hunter and the garnishee, John L. Blakeslee, Jr., doing business as Service Motor Company.

Section 2799, Code of 1942, contemplates that a garnishee may suggest exemptions, and that ''the court shall, on his motion, cause an issue to be made up and tried between him (meaning the judgment debtor) and the plaintiff.'' The judgment creditor, Commercial Securities Co., Inc., did not join issue on the answers of the judgment debtor and of the garnishee, and no issue was caused to be made up and tried between the judgment debtor and the judgment creditor.

Section 2806, Code of 1942, provides the manner in which an answer of garnishee may be contested.

It will be noted that both the answer of the judgment debtor and of the garnishee tendered an issue to the judgment creditor as to whether or not the $16,187.61 was dischargeable in bankruptcy as to the indebtedness owing by the garnishee to the judgment debtor.

It was held in the case of Williams v. Jones, 42 Miss. 270, the answer of a garnishee was to be conclusive,

until excepted to for insufficiency, or controverted; and without a traverse of the same no testimony can be adduced to contradict it.

In the case of Grenada Bank v. Seligman, 164 Miss. 168, 143 So. 474, the case of Williams v. Jones, supra, is cited, and it was held that the burden of proof is upon the judgment creditor to show that the answer of the garnishee is untrue. See also Thomas v. Sturges, 2 Miss. 261. In the case of Grenada Bank v. Seligman, supra, the court concluded its opinion as follows: ''Upon the particular facts in this case, wherein the court below gave a judgment in favor of the appellee without the necessity of proof being offered in support of the contests, we think the cause should be remanded in order that the judgment creditor may, if he desires, offer proof upon the issue joined.'' In that case the judgment creditor had filed a traverse to the answer of the garnishee, whereas in the case at bar the judgment creditor filed no contest to the answer and did not in any manner join issue as to the plea of the adjudication in bankruptcy constituting a bar to the collection of the funds garnished.

We are of the opinion that since the judgment debtor has appealed here only as to the $580.76, insofar as to the terms of its appeal bond are concerned, and the judgment creditor has filed no response to the motion of the appellant to strike Appendix ''A'' and Appendix ''B'' from the brief of the appellee on the ground that the said orders of the referee in bankruptcy are no part of the appeal record now before us, and since the appellee has failed to controvert the averment of the motion to strike to the effect that ''the order of the referee in bankruptcy, Appendix 'A' to the brief of appellee is now on appeal to the Federal District Court for the Southern District of Mississippi, Jackson, Mississippi, and is now a pending cause therein,'' the Chancery Court of Hinds County was without jurisdiction to render the

final orders in the garnishment proceedings because first, there was no issue joined or caused to be made up and tried as to whether the judgment of $16,187.61 was based on a debt for a wilful and malicious injury to the property of the complainant in the suit wherein the said judgment was rendered on May 5, 1954 ██ █ and second, that the Chancery Court of Hinds County was without jurisdiction while the order of the referee in bankruptcy is on appeal to the United States District Court. Moreover the Chancery Court of Hinds County was without authority to adjudicate that the debt for which the $16,-187.61 decree was rendered on May 5, 1954 was a debt based on a wilful and malicious injury to the property of the complainant in that suit since the said court was not asked to adjudicate in that suit as to whether or not the debt was based on a wilful and malicious injury to the complainant, and no determination of that issue was made, and no issue was caused to be made up involving that question in connection with the answer of defendant and of the garnishee to the writs of garnishment herein.

██ The burden of proof is upon the party resisting the plea to show that the debt or obligation is one that is expected from a discharge in bankruptcy. Kellogg v. King, 114 Miss. 375, 75 So. 134; Brown v. Broach, 52 Miss. 536, and Webb v. Jackson, 174 Miss. 808, 165 So. 809.

██ In the case of Davis v. Aetna Acceptance Co., 55 S. Ct. 151, 293 U. S. 328, 79 L. Ed. 393, which is a later case than the case of McIntyre v. Kavanaugh, 242 U. S. 138, 61 L. Ed. 205, the court held in a factual situation similar to the facts in the instant case that: ''A wilful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstances. There may be a conversion which is innocent or technical, and unauthorized assumption of dominion without wilfulness or malice (citing numerous authorities). There may be an honest, but mistaken belief, en-

gendered by a course of dealing, that powers have been enlarged or incapacities removed. In these and like cases, what is done is a tort, but not a wilful and malicious one." And the court further said that: "The discharge will prevail as against a showing of conversion without aggravated features.

In the instant case the judgment creditor made no response whatever to the plea of adjudication in bankruptcy as a bar to the right asserted in the garnishment proceedings as to the Service Motor Company, and no proof whatever was heard by the chancery court on the issue tendered by the judgment debtor, and as to which no issue was made up as hereinbefore stated.

We understand that no appeal has been taken from the decree against the First National Bank for the $23.92, admitted to be due by it to the judgment debtor. Nor do we understand that any issue was ever joined as to the answer of John L. Blakeslee, Jr., doing business as Service Motor Company, and, therefore, the trial court was without jurisdiction to determine the dischargeability of the money decree of May 5, 1954, without an issue being made up and tried on the issue tendered by the garnishee, Service Motor Company, and by the judgment debtor as to the dischargeability in bankruptcy of the money decree of May 5, 1954. The cause is therefore reversed and judgment rendered here for the appellant except as to the decree for $23.92 against the First National Bank and as to which the adjudication in bankruptcy was not pleaded as a bar, but primarily because no appeal is taken from the action of the trial court in that behalf.

Affirmed in part, reversed in part and judgment here for the appellant.

*Hall, Lee, Arrington* and *Ethridge, JJ.,* concur.

McGehee, C. J.

## ON MOTION TO STRIKE

Motion of appellant to strike Appendix "A" and Appendix "B" from brief of appellee is sustained since the same are no part of the record sent here on appeal.

Appellant's motion to strike sustained.

*Hall, Lee, Arrington* and *Ethridge, JJ.,* concur.