Thomas v. Sturges.

------- ◆ ◆ -------

SAMUEL THOMAS, Adm'r, v. FRANK STURGES.

EVIDENCE: ONUS OF PROOF ON TRAVERSE OF GARNISHEE'S ANSWER.—Upon the trial of a traverse of a garnishee's answer, denying indebtedness to the attachment debtor, the burden of proof is on the plaintiff; and if it appear that the attachment debtor had assigned a note due to him by the garnishee, the transfer will be presumed fair and *bona fide*, and it is incumbent on the plaintiff, if he attack it on that ground, to show that it was fraudulent.

IN error from the Circuit Court of Copiah county. Hon. John E. M'Nair, judge.

*W. P. Harris*, for plaintiff in error,
Cited *Swisher* v. *Fitch et al.*, 1 S. & M. 541.

*T. J.* and *F. A. R. Wharton*, contra.

HANDY, J., delivered the opinion of the court.

This was an attachment instituted by the defendant in error against one Cherry, and executed upon Ganaway, as a garnishee, who appeared and answered, denying any indebtedness to Cherry, or that he had any goods or property in his hands belonging to him.    The plaintiff traversed the answer, and the garnishee having died, his administrator was made a party, and the issue was afterwards tried and the following evidence was adduced.    The plaintiff proved, by the deputy-sheriff who served the attachment, that Ganaway told him that he had bought a tract of land from Cherry, and owed some one then for it ; that he had given his note for it to Cherry, but payable to another person than Cherry.    The defendant proved by a witness that he had heard Cherry and Ganaway speak of the trade above mentioned, and that they both told him that Ganaway's note for $500, given for the land, had been made payable to one Robertson, of Louisiana, the brother-in-law of Cherry, who stated that the note had been given to Robertson in payment of land of his, which Cherry had purchased in Louisiana. That Robertson afterwards came to this State from Arkansas, where he then lived, and purchased a slave from Ganaway for $750, and gave up Ganaway's note for $500.    That the witness owed Cherry $350, which Robertson also collected.    It was proved by another witness, that he, as a justice of the peace, took the acknowledgment of Cherry to the deed for the land to Ganaway ; that the land was sold for $1,000, and that witness had an indistinct recollection of drawing two notes for $500, one of them payable to Robertson ; but was not positive whether he drew the notes ; that Robertson was not present at the time.

The verdict and judgment were for the plaintiff, and the administrator of the garnishee brings the case here.

The only point in the case which we deem it material to notice, arises upon the objection of the plaintiff in error to the following instruction, given at the instance of the plaintiff below :

"That it is incumbent on the defendant to show a *bona fide* transaction in the transfer for a valuable consideration ; and any transfer to avoid claims of creditors, is fraudulent, and will not prevent the plaintiff from recovering."

The evidence tended to show that the note or notes given by Ganaway for the purchase of the land, were transferred to Robertson for a valuable consideration. Evidence to that effect had been offered by the plaintiff. The testimony of the witness for the defendant was to the same effect. And the last witness only differed with the others as to the amount of the purchase-money, and his testimony was doubtful as to whether one or two notes were given in the transaction. There was no evidence of fraud in the transfer, and nothing to show that Cherry was indebted to any one when the note was given or transferred.

Under such circumstances, it is plain that the burthen of proof to establish fraud in the transfer, was upon the plaintiff. The answer denied indebtedness by the garnishee to Cherry, and under oath. It is manifest that the proof of indebtedness rested upon the plaintiff, even if no question of fraud had been raised. But if the validity of the transfer was attempted to be impeached on the ground of fraud, it was clearly incumbent on the plaintiff to make out at least, a *prima facie* case of fraud, before the defendant was called upon to show that the transaction was fair and for a valuable consideration. And the record shows no such proof by the plaintiff. This instruction entirely reversed the rule as to proof of fraud, and was, therefore, erroneous.

Several other objections are raised to incidental matters which occurred on the trial, and can be obviated on the new trial, and are, therefore, not necessary to be noticed.

The judgment is reversed, and the cause remanded for a new trial.