E. L. GORDIN *v.* J. R. MOORE.

GARNISHMENT. *Conclusiveness of answer. Case in judgment.*

The answer of a garnishee, in response to a garnishment issued upon a judgment, denying any indebtedness to the defendant and the possession of any property belonging to him, must be taken as conclusive unless disproved by the judgment creditor; and proof of the fact that the garnishee owes a note to the wife of the judgment debtor for money received by her upon a policy of insurance which was payable to her husband is not sufficient to overthrow such answer, where it appears by the evidence that the policy was made payable to him by a mistake, when it should have been made payable to her, to whom it and its proceeds really belonged.

APPEAL from the Chancery Court of Holmes County.

HON. C. H. CAMPBELL, Judge.

J. R. Moore, having a judgment in a justice of the peace's court against W. H. Gordin, on the 6th of February, 1884, caused a writ of garnishment to be issued thereon against W. D. Brock. The garnishee answered, and the plaintiff replied, controverting the answer, and averring that the garnishee had money in his hands belonging to the defendant, and for which he had given his promissory note, payable to the defendant's wife, E. L. Gordin. The justice of the peace rendered a judgment in favor of the garnishee, and the plaintiff appealed to the circuit court. In the circuit court E. L. Gordin filed a claimant's affidavit, stating that the money due on Brock's note was legally and justly due to her, and that her husband had no interest therein. A jury was waived and the case was submitted for trial to the judge, with the plaintiff upon the one side and the garnishee and claimant on the other side. A judgment was rendered against the garnishee and in favor of the plaintiff, and the claimant appealed to this court.

The facts established by the evidence are stated in the opinion of the court.

*Monroe McClurg*, for the appellant.

The evidence does not even intimate that there was any sort of transaction between W. H. Gordin and his wife which the law declares fraudulent or void as to creditors.

I submit that the appellant could have compelled W. H. Gordin to have paid her the money obtained from the policy under the evidence, however unwilling he might have been and however much he might have owed ; and it will not be denied that a party can do voluntarily and with impunity that which the law will coerce him to do.

The judgment is groundless, contrary to every principle of law and every word of the evidence.

*Hooker & Wilson*, on the same side.

If a mistake existed in the policy, as alleged, Mrs. Gordin was equitably entitled to the money, and when delivered to her it was her property and not subject to her husband's debts. A person

can always do voluntarily that which he could be compelled to do. When the policy of insurance was paid to her nothing more was done than the courts, if appealed to, would have forced to have been done.  2 Geo. 206.  The mere fact that W. H. Gordin handed the money to Brock is the only evidence that it was his money, but the accompanying acts and declarations show that it was his wife's money.  There is not a particle of evidence that the money was loaned in the name of the wife to defraud Gordin's creditors.

*George Anderson,* for the appellee.

Appellant contends that the judgment below was wrong, because by mistake her name was left out of the insurance policy on G. G. Gordin's life, and her husband's, W. H. Gordin, inserted in lieu thereof as beneficiary.

I think, from the circumstances of the case, it is extremely doubtful about there being any such mistake, but that this is an artful dodge of W. H. Gordin, the husband of appellant, to keep from paying appellee's judgment against him.

Such a proposition cannot be made in a court of law, but the mistake can only be cured by a court of chancery.

The law is very plain that the beneficiary in a life insurance policy has the legal title to the funds or money arising therefrom, and there is no exception to this rule.

There was no attempt whatever on W. H. Gordin's part to transfer this money to his wife, but she claims the legal title to it simply upon the ground that her name ought to have been in the policy as beneficiary and that she paid the premiums.

Appellee must rely alone on the policy, which shows that defendant in execution is the beneficiary, therefore the legal owner of the money.

ARNOLD, J., delivered the opinion of the court.

The theory propounded by the judgment creditor in controverting the answer of the garnishee was that the garnishee had money in his hands, placed there by and belonging to the judgment debtor, for which he had caused a note to be made to his wife with intent to defraud his creditors.  If this theory had been estab-

lished, judgment should have been rendered against the garnishee. Drake an Attachments, §§ 598–601. But the garnishee answered fully that he owed nothing to the judgment debtor. His answer must be taken as true and conclusive unless disproved, and the burden of proof was upon the judgment creditor to show that it was not true. *Williams* v. *Jones,* 42 Miss. 270 ; *Swisher* v. *Fitch et al.,* 1 S. & M. 541 ; *Thomas* v. *Sturges,* 32 Miss. 261.

It is not controverted by the facts of record that the appellant, Mrs. Gordin, procured the life-insurance policy and paid with her means the premiums on the life-insurance policy from which the money was derived which had been loaned to the garnishee, and for which he had made his note payable to her, nor is it disputed that her husband was made beneficiary in the policy by mistake. There was no law which prohibited her from doing what she did in the premises. The debt which the garnishee owed her could not be subjected by garnishment or otherwise to the payment of her husband's debts.

*Reversed.*