GRENADA BANK v. SELIGMAN.

(Division A. Oct. 3, 1932.)

[143 So. 474. No. 30118.]

Shands, Elmore & Causey, of Cleveland, for appellant.

N. R. and **T. D. Allen,** of Shaw, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellee, L. Seligman, secured a judgment against the administratrix of the estate of D. A. Sinclair, deceased, which was duly enrolled. Upon this judgment, writs of garnishment were issued by which the Bank of Shaw, a branch of the Grenada Bank, and E. B. House were summoned to answer as garnishees. On the return day of these writs, the garnishees filed answers denying any indebtedness to the judgment debtor; denying that they had any effects of the judgment debtor in posses-

sion or under control; and denying that they knew or believed that any other person had effects of said judgment debtor in his possession or under his control. Upon the filing of these answers, the judgment creditor filed separate written contests of each of them, and no further action was taken in the matter at the return term.

The cause was thereafter continued from term to term until the November, 1931, term of the circuit court, when a final judgment was entered against the garnishees for the amount of the judgment upon which the writs of garnishment were based, with interest and costs, and, from this judgment, the bank prosecuted an appeal by the execution of a proper appeal bond. Upon the filing of an assignment of error in this court, the garnishee, E. B. House, attempted to join in the appeal without the execution of an appeal bond, and, upon motion of the appellee, the appeal was dismissed as to him, and the cause proceeded upon the appeal of the garnishee bank.

Upon the hearing of the cause in the court below, no evidence was offered in support of the contests of the answers filed by the garnishees, and the judgment appealed from appears to be in the nature of a judgment by default, or rather a judgment on the pleadings, which consisted only of the writs of garnishment, answers thereto, and written contests of these answers. Among other things, the judgment contains the following recital: "The garnishees herein having filed separate answers, and the answers being contested in writing by the plaintiff, by traverse, and the said traverses being filed at the term of the court to which the answers were filed, and this cause being this day duly called in open court, and the plaintiffs appearing and announcing ready for trial, and the garnishees appearing not, and not joining issue with the plaintiff, and making default, and the plaintiffs demanding judgment against the said garnishees . . . and the court considering the answers

of the garnishees herein, and also considering the traverses filed by the plaintiff and all other pleadings, it is therefore, ordered and adjudged that the plaintiff, L. Seligman, do have of and recover from the garnishees, the Bank of Shaw and E. B. House, both jointly and severally,'' etc.

Section 1854, Code of 1930, provides as follows: ''If the plaintiff believe that the answer of the garnishee is untrue, or that it is not a full discovery as to the debt due by the garnishee, or as to the property in his possession belonging to the defendant, he shall, at the term when the answer is filed, unless the court grant further time, contest the same, in writing, specifying in what particular he believes the answer to be incorrect. Thereupon the court shall try the issue at once, unless cause be shown for a continuance, as to the truth of the answer, and shall render judgment upon the facts found, when in plaintiff's favor, as if they had been admitted by the answer, but if the answer be found correct, the garnishee shall have judgment for costs against the plaintiff.''

A garnishee's answer is conclusive until contested, as provided by the section above quoted, Williams v. Jones, 42 Miss. 270, and, upon a contest of the garnishee's answer, the burden of proof is upon the judgment creditor to show that it is untrue, Gordin v. Moore, 62 Miss. 493. To like effect was the holding of the court in the case of Thomas v. Sturges, 32 Miss. 261, wherein, upon a contest of a garnishee's answer, there was involved the question of fraud in the transfer of property by the garnishee. In passing upon the question presented, the court said: ''Under such circumstances, it is plain that the burden of proof to establish fraud in the transfer, was upon the plaintiff. The answer denied indebtedness by the garnishee to Cherry, and under oath. It is manifest that the proof of indebtedness rested upon the plaintiff, even if no question of fraud had been raised.''

In the case at bar, upon the filing of the contests of the separate answers filed by the garnishees, issue was joined upon the question as to whether or not the answers were true. Upon this issue, the burden of proof was on the contestant, the judgment creditor, and, in the absence of proof to support the contests, the court was powerless to enter judgment on the pleadings in favor of the judgment creditor. The judgment entered by the court against the appellant bank will therefore be reversed.

The appellant next contends that, when the appellee asked for a judgment on the pleadings in the court below, the court should have entered a judgment in favor of the garnishees, and therefore judgment in favor of the appellant should now be entered in this court.

Upon the particular facts in this case, wherein the court below gave a judgment in favor of the appellee without the necessity of proof being offered in support of the contests, we think the cause should be remanded in order that the judgment creditor may, if he desires, offer proof upon the issue joined.

Reversed and remanded.