# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CT-00034-SCT

**STATE FARM MUTUAL AUTOMOBILE**

**INSURANCE COMPANY**

**v.**

**BRIDGET EAKINS, DORIS WINTERS**

**AND DUANE QUARLES**

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 11/01/95 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | HOLMES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PHILIP W. GAINES |
| ATTORNEY FOR APPELLEES: | JOHN S. KNOWLES, III |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | REVERSED AND REMANDED - 10/07/1999 |
| MOTION FOR REHEARING FILED: | 01/14/1999 |
| MANDATE ISSUED: | 10/14/99 |

# EN BANC.

# WALLER, JUSTICE, FOR THE COURT:

¶1. The motion for rehearing is granted. The prior opinions in this case are withdrawn, and this opinion is substituted therefor.

¶2. This Court granted certiorari to address two questions: 1) whether Mississippi law encompasses a presumption of permissive use relating to a claim for personal injury arising out of an automobile accident, and 2) whether the Court of Appeals has the authority to impose the 15% appeal damages penalty allowed under Miss. Code Ann. § 11-3-23 (1972). Finding that no presumption of permissive use exists under Mississippi law, we reverse the judgment of the Court of Appeals. However, since we have never directly addressed the issue before now, we remand this case for another hearing consistent with this opinion to allow the Plaintiffs/Appellees the opportunity to present evidence of permissive use in their garnishment proceedings. While we reverse and remand the judgment of the Court of Appeals, we take this opportunity to clarify that the Court of Appeals does have the authority to impose the 15% appeal damages penalty allowed under Miss. Code Ann. § 11-3-23 (1972).

## STATEMENT OF THE FACTS

¶3. Plaintiffs Bridget Eakins, Doris Winters, and Duane Quarles were injured when a vehicle, driven by Christopher Jobe, struck their vehicle. Plaintiffs obtained a judgment against Jobe after a trial by jury and then instituted a garnishment action in the Circuit Court of Holmes County, Mississippi, against Appellant State Farm Mutual Automobile Insurance Company, which carried a policy of liability insurance on the vehicle driven by Jobe.[1] In its responsive pleading to the suggestion of garnishment, State Farm denied any indebtedness to Jobe, alleging that Jobe had stolen the vehicle from an automobile repair shop at Holmes Community College and was thus operating the vehicle without the consent, permission or authority of the insured owner.

¶4. At the garnishment trial, Plaintiffs asserted that they were entitled to a presumption of permissive use by the owner, thereby shifting the burden to the owner/insurer to prove there was no permissive use. State Farm, on the other hand, maintained that the burden was on the Plaintiffs to prove that the driver of the vehicle had permission to use the vehicle of the owner/insured. The trial judge found that State Farm failed to assert non-permission in the personal injury action defended under reservation of rights, and were now estopped from doing so in the post-judgment garnishment proceeding.

¶5. The Court of Appeals correctly determined that State Farm could not have asserted a defense of non-permission in the original action against Jobe, as State Farm was not a party to that action, and the permissive or non-permissive use of the vehicle was not relevant to the tort claim against Jobe. Therefore, the proper question in this appeal of the judgment on writ of garnishment is whether there is a presumption that the use of the insured vehicle by Jobe was permissive.

## DISCUSSION OF THE LAW

### Permissive Use

¶6. Generally, in a garnishment proceeding, the burden is on the garnishor to prove that the garnishee is liable to the judgment creditor. ***Grenada Bank v. Seligman***, 164 Miss. 168, 173, 143 So. 474, 475

(1932). The answer of the garnishee is taken as conclusive unless contested by the garnishor. *Id.* Therefore, in the case at hand, the response of the garnishee, State Farm, is taken as conclusive unless contested by the Plaintiffs. The burden of proof, therefore, lies on the Plaintiffs to prove that the garnishee, State Farm, is liable to the judgment creditors, the Plaintiffs.

¶7. Plaintiffs did not offer any testimony or other evidence to prove that State Farm was indebted to Jobe, the judgment debtor. Instead, Plaintiffs contended that there was a presumption that State Farm was indebted to Jobe because Jobe was driving a vehicle insured by State Farm. While Plaintiffs acknowledged that Jobe would have to be a permissive user to be covered under the insurance policy (which was issued to the owner of the vehicle, Ronald Chester), they claimed that they were entitled to an inference, or presumption, that the use was permissive, thereby shifting the burden to State Farm to prove that the use was not permissive. State Farm denied this presumption and maintained that the burden was on the Plaintiffs. Thus, the hearing was concluded without either party offering any evidence on the issue.

¶8. Plaintiffs erroneously relied on a presumption of permissive use, as there is no such presumption under Mississippi law. Although the issue of presumptive permissive use of a vehicle has been squarely addressed neither by this Court nor by the legislature of the State of Mississippi, in one other insurance-related context, the burden of proof of showing permissive use rested with the plaintiff. *See State Farm Fire & Cas. Co. v. Wightwick*, 320 So. 2d 373, 375 (Miss. 1975) (plaintiff seeking to recover under uninsured motorist clause of automobile liability insurance policy bore burden of proving that she was member of named insured's household and that her use was permissive).

¶9. Some jurisdictions have a statutory presumption that operation of a motor vehicle is by permission of the owner of the vehicle. *See, e.g.*, Tenn. Code Ann. § 55-10-311 (1998); *Jones v. Halun*, 296 F.2d 597, 598 (D.C. Cir. 1961) ("The statute creates a rebuttable presumption that the driver of a car involved in an accident had the owner's consent to drive."); *Buckingham v. Rapid Rental, Inc.*, 3 F. Supp. 2d 479, 480 (S.D.N.Y. 1998) ("There is a presumption that the vehicle is being operated with the owner's permission and this presumption continues unless it is rebutted by 'substantial evidence' to the contrary.") (citation omitted); *Royal Indem. Co. v. Wingate*, 353 F. Supp. 1002, 1004-05 (D. Md.), *aff'd mem.*, 487 F.2d 1398 (4th Cir. 1973). Likewise, some states have judicially created a presumption of permissive use. *See, e.g.*, *McKirchy v. Ness*, 128 N.W.2d 910, 911 (Iowa 1964); *Fout v. Dietz*, 258 N.W.2d 53, 54 (Mich. 1977).

¶10. Other states have specifically found that there is no presumption of permissive use and have placed the burden on the plaintiff to prove permissive use. *See Marquez v. Enterprise Rent-A-Car*, 61 Cal. Rptr. 2d 557, 558 (Cal. Ct. App. 1997) ("The question of permission cannot be left to speculation or assumed. Appellant must affirmatively show that the vehicle's owner permitted the driver to use the vehicle.") (citation omitted); *Washington v. State Farm Mut. Auto. Ins. Co.*, 709 So. 2d 360, 362 (La. App. 4th Cir. 1998) ("The plaintiff has the burden of proving the fact of initial use with the express or implied permission of the insured to make coverage effective under the omnibus clause; and the fact of initial permission must be proved by a preponderance of the evidence without the aid of any presumptions.").

¶11. Based on the latter authority, which we find persuasive and reasonable, we find no reason to shift the burden of proof from the plaintiff to prove permissive use of the vehicle. There is no compelling reason to create a presumption of permissive use, especially when such proof is usually relatively simple. In addition, the plaintiff normally bears the burden of proving his or her case, and permissive use is just one of the

elements of the plaintiff's case which must be proved. Finally, there is simply no reason to create an unnecessary exception to the usual burden of proof to further complicate trials. Therefore, we find that a plaintiff seeking to establish indebtedness by a third-party insurer must prove by a preponderance of the evidence that the culpable party, if different from the owner/insured, was using the vehicle with the permission and consent of the owner. It should also be noted that the general principle requiring the plaintiff to bear the burden of proof is even more appropriate in the case *sub judice* because State Farm filed an answer to the suggestion of garnishment alleging that Jobe's use of the vehicle was non-permissive. Under the principles announced in *Grenada Bank v. Seligman*, the answer of the garnishee is taken as conclusive unless contested by the garnishor. 164 Miss. at 173, 143 So. at 475. Therefore, Plaintiffs had the burden to contest the answer of State Farm and to prove that the allegations contained therein were untrue.[2] Even if there were a presumption, which we now say there is not, State Farm had clearly placed the burden of proving permissive use on the Plaintiffs by filing a responsive pleading to the suggestion for writ of garnishment.

## Statutory Penalty

¶12. Miss. Code Ann. § 11-3-23 (1972) provides in pertinent part:

> In case the judgment or decree of the court below be affirmed, or the appellant fails to prosecute his appeal to effect, the supreme court shall render judgment against the appellant for damages, at the rate of fifteen percent (15%) . . . .

Miss. Code Ann. § 11-3-23 (1972). Plaintiffs assert that they should not have been assessed a 15% penalty because the statute specifies that only the "supreme court" has the authority to do so. That assertion is without merit. When the Legislature created the Court of Appeals in 1993, it did so intending that Court to be a court of final review, very similar in authority to the Supreme Court. By statute, "[d]ecisions of the Court of Appeals are final and are not subject to review by the Supreme Court, except by writ of certiorari." Miss. Code Ann. § 9-4-3 (Supp. 1999). The Supreme Court assigns cases to the Court of Appeals which "shall have the power to determine or otherwise dispose of any appeal or other proceeding assigned to it by the Supreme Court." *Id*. As a result, the Court of Appeals is vested with the authority to impose the 15% statutory penalty provided in § 11-3-23. To hold otherwise would require this Court to grant certiorari in every case where that penalty is appropriate in order to effectuate the legislative intent. Not only would that be expensive and time consuming, it would be contrary to the letter and the spirit of the legislation which created the Court of Appeals. When there is a technical conflict between two statutes, this Court will attempt to give meaning to both, in keeping with the legislative intent and purpose for which they were written. *See Richardson v. Canton Farm Equip., Inc.*, 608 So. 2d 1240, 1250 (Miss. 1992). It is inconceivable that the Legislature meant to deny successful appellees their right to a statutory penalty by creating the Court of Appeals. Therefore, the Court of Appeals must necessarily have the same and all of the power and authority of the Supreme Court in deciding cases, with the exception of those which the Constitution or the Legislature have designated to be exclusively within the province of the Supreme Court.

## CONCLUSION

¶13. Plaintiffs have not yet met their burden of proving permissive use by Jobe of the vehicle insured by State Farm. However, because this is our first definitive opinion on the subject, we remand this case for another hearing to give Plaintiffs an opportunity to meet their burden of proof. *See Grenada Bank v. Seligman*, 164 Miss. at 174, 143 So. at 475. For these reasons, we reverse the judgment of the Court of

Appeals and the judgment of the Holmes County Circuit Court, and we remand this case to the Holmes County Circuit Court for further proceedings consistent with this opinion.

¶14. **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**PRATHER, C.J., SMITH, MILLS AND COBB, JJ., CONCUR. SULLIVAN, P.J., CONCURS IN PART. BANKS, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, P.J. McRAE, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, P.J. SULLIVAN, P.J., AND BANKS, J., JOIN THIS OPINION IN PART.**

**BANKS, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶15. I agree with the majority as to the assessment of penalties by the Court of Appeals. As to the presumption of permissive use, I concur with Justice McRae.

**PITTMAN, P.J., JOINS THIS OPINION.**

**McRAE, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶16. While I agree that under the peculiar circumstances of this case it has to be reversed as the majority has written, I disagree with the majority's failure to recognize that a presumption of permissive use should be the law.

¶17. This Court has previously recognized that the purpose of an omnibus clause (required in every motor vehicle liability policy by Miss. Code Ann. § 63-15-43(2)) "is to protect those injured by careless drivers." *Travelers Indemnity Company v. Watkins*, 209 So. 2d 630, 632 (Miss. 1968) citing Annot., 5 A.L.R.2d 600 (1949). Because a presumption of permissive use enhances that purpose without doing any disservice to either the policyholder or the insurance company and because it places the burden on the party best able to prove permission (or non-permission), I dissent from the majority's opinion refusing to recognize **a presumption of permissive use**.

¶18. Where the legislature has taken the initiative to require automobile insurance policies to extend the term "insured" to include the named insured as well as any other person using the vehicle with the consent of the named insured, it does so for the purpose of "protect[ing] the named insured, the persons within the omnibus clause, and the public generally and its members injured by the negligent operation of the insured automobile on a public highway". *Travelers Indemnity Co.*, 209 So.2d at 632 quoting 12 Couch, Cyclopedia of Insurance Law § 45:293, at 305-06 (2d ed. 1964). *See also Collins v. New York Casualty Company*, 140 W. Va. 1, 82 S.E.2d 288 ("Because the purpose of an omnibus clause in an automobile public liability insurance policy is not to limit the insurer's liability, but to provide additional

coverage, the clause is designed to protect not only those entrusted with the use of the automobile, but the public in general, and therefore the provisions of the clause should be liberally applied to effectuate the purpose for which it was incorporated in the policy."); *Uber v. Ohio Casualty Ins. Co*., 247 Cal. App. 2d 611, 616-617, 55 Cal. Rptr. 720, 724 (1967) ("The omnibus clause in an automotive liability insurance . . ., is prescribed to effectuate the statutory purpose of broadening insurance coverage to protect the public when the automobile to which the policy relates is operated by one other than the insured owner . . . , and must be applied in light of this purpose.").

¶19. Adopting a presumption that the vehicle has been used with the permission of its owner is the logical corollary to the requirement that all automobile liability policies contain an omnibus clause. When ownership of a motor vehicle is undisputed, a presumption is created that the vehicle was being operated with the owner's consent. It follows that such a burden may only be rebutted by a sufficient showing to the contrary by the insurance company. Once the insurance company has met its burden by rebuttal, then the third party or vehicle owner may refute that rebuttal.

¶20. The Iowa Supreme Court has stated:

> When ownership of the motor vehicle is admitted, as it is here, a prima facie case is made on the issue by plaintiff, or as it is sometimes expressed an inference, or a presumption is created that the vehicle was being operated with consent of the owner, and there must be sufficient showing to the contrary if the owner would avoid that finding.

*McKirchy v. Ness*, 128 N.W.2d 910, 912 (Iowa 1964). Once the presumption is created, the standard procedures and requirements of Miss. Code Ann. § 63-15-43 (1996) bind the insurance policy.

¶21. Affirmative defenses have to be proved by the moving party. To prove that no coverage exists because permission was not given is for the company to do. In the typical case, permission is not an issue, i.e., the driver had the consent of the owner when operating the vehicle. In that case, neither party to the suit need introduce evidence on this issue; permission is presumed. If the insurance company/named insured contend that consent was not given, it is an easy matter to put on evidence that the driver did not have the permission of the owner. This evidence, which would typically be provided by the named insured, is much more accessible to the insurance company than it is to the injured plaintiff. Thus, a presumption of permission makes for not only sound policy, but is warranted for reasons of efficacy as well.

¶22. Furthermore, from the stand point of judicial economy, appellees should have sought a declaratory judgment on the question of coverage and named State Farm as a party to that action. Our Rules of Civil Procedure are all encompassing in order to bring a fair and quick resolution to litigation and to allow it to be done economically. Hence an action for declaratory judgment involving multiple claims may be brought against multiple parties, particularly when insurance questions need to be resolved. *See Lewis v. Allstate*, 730 So. 2d 65, 71 (Miss. 1998) (either insurance company or insureds may bring a declaratory action to resolve coverage question prior to trial).

¶23. Miss. R. Civ. P. 57 provides that a court "may declare right, status, and other legal relations." By so doing, a court uses its discretion in the public's interest to properly balance the plaintiff's needs with the consequences of providing the relief sought. *See* Miss. R. Civ. P. 57 cmt. Judges are tempered by two "principal criteria" that guide the "policy in favor of rendering declaratory judgments": "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will

terminate and afford relief from the uncertainty, insecurity, an controversy giving rise to the proceeding." *See id.* Further, "any interested party" may seek and obtain a declaratory judgment. *See id.*

¶24. A declaratory judgment is available as a remedy and economical instrument when the requirements of Miss. R. Civ. P. 57(b) are met. At issue in this case are 57(b)(2) and (4). Under 57(b)(2), "[a] contract may be construed, either before or after there has been a breach thereof." Rule 57(b)(4), is an elasticity rule which provides that "[t]he enumeration in subdivisions (1), (2) and (3) of this rule does not limit or restrict the exercise of the general powers stated in paragraph (a) in any proceeding where declaratory relief is sought in which a judgment will terminate the controversy or remove an uncertainty." Read together, Miss. R. Civ. P. 57(b)(2) and (4) provide a proper instrument for the saving of valuable time and judicial resources. Allowing an insured or third party beneficiary and the defendant to resolve insurance coverage questions prior to the trial on the merits is far more fair and economical to all parties than would be to require the trial on the merits and 3 or 4 years later resolve the questions of coverage and payment of a judgment. This, however, does not preclude having insurance coverage questions resolved in a garnishment proceeding. While both methods are permissible, it is preferred that coverage questions be disposed of initially.

¶25. The majority fails to address this important procedural issue even though resolution of coverage questions before trial should be strongly encouraged. Moreover, because I believe that a presumption of permission is warranted by our law's requirement of an omnibus clause, I dissent.

## PITTMAN, P.J., JOINS THIS OPINION. SULLIVAN, P.J., AND BANKS, J., JOIN THIS OPINION IN PART.

1. The Plaintiffs failed to plead in their suggestion for writ of garnishment the exact nature of State Farm's indebtedness to Jobe. This Court also notes, with interest, that the Plaintiffs never entered into evidence at the garnishment trial any policy of insurance showing potential indebtedness on the part of State Farm. Nevertheless, State Farm admitted in its response to the suggestion that it had a policy of insurance in effect on the vehicle driven by Jobe. The Court of Appeals explained that "[a]lthough the suggestion of garnishment does not state the basis for the claim of indebtedness, all parties proceeded at the trial level on the assumption that the alleged indebtedness arose out of the policy of insurance covering the vehicle. This Court will proceed under the same assumption." As do we.

2. There is another procedural error on the part of the Plaintiffs, pointed out by the Court of Appeals, that bears mentioning. The Plaintiffs should have filed a written contest to the garnishee's answer. Section 11-35-45 of the Mississippi Code of 1972 provides in pertinent part that "[i]f the plaintiff believe that the answer of the garnishee is untrue . . . he shall, at the term when the answer is filed . . . contest the same, in writing, specifying in what particular he believes that answer to be incorrect. Thereupon, the court shall try the issue at once . . . ." Miss. Code Ann. § 11-35-45 (1972). As noted by the Court of Appeals, the parties signed an Agreed Order Setting Cause, which set the matter for trial. Therefore, the Court of Appeals overlooked the procedural flaw, finding that the issue of permissive/non-permissive use had been adequately framed for trial. We will also overlook the lack of formal pleading, but note that there is a statutory requirement to that effect.