930 So.2d 444 (2006)
R.W. AIKEN INSURANCE AGENCY, INC., Appellant
v.
SEVENOAKS CAPITOL CORPORATION, Appellee.
No. 2004-CA-01854-COA.
Court of Appeals of Mississippi.
February 7, 2006.
Rehearing Denied May 30, 2006.
*445 John T. Wakeland, Greenwood, attorney for appellant.
Betty A. Mallett, Amy Kebert Elder, attorneys for appellee.
Before LEE, P.J., IRVING and CHANDLER, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. In 1999, the R.W. Aiken Insurance Agency, Inc., filed suit against S & R Transportation for S & R's failure to pay its insurance premiums. Aiken secured a default judgment against S & R on February *446 22, 2000, in the amount of $104,730.47. Aiken then filed a suggestion for writ of garnishment against SevenOaks Capitol Corporation on March 31, 2000. The circuit clerk issued a writ of garnishment which was served upon SevenOaks on April 6. Six days later, SevenOaks filed its answer, denying that it was indebted to S & R. In its answer, SevenOaks stated that it had purchased accounts receivable from S & R via an agreement that SevenOaks would tender only a portion of the purchase price, reserving a fraction of the price until the accounts were successfully collected. The agreement provided full recourse against S & R in the event that SevenOaks was unable to collect on any of the purchased accounts. Additionally, SevenOaks maintained discretion as to which accounts it would purchase.
¶ 2. S & R filed for bankruptcy on September 19, 2000, and Aiken filed a claim as an unsecured creditor. During discovery in the bankruptcy proceeding, Aiken ascertained that from April 6, 2000, to April 12, 2000, SevenOaks purchased accounts from S & R for $950,000. At no time did Seven-Oaks amend its answer to the garnishment. On October 2, 2003, the bankruptcy court lifted the Section 362 automatic stay regarding SevenOaks and Aiken, allowing them to proceed with their respective claims against each other in state court. On June 21, 2004, Aiken filed a motion to contest and to strike SevenOaks's answer. The garnishment was dismissed on July 1, 2004.
¶ 3. Aiken appeals to this Court, asserting the following errors: (1) the trial court erred in denying the motion to contest and strike SevenOaks's answer; (2) the trial court erred in not sanctioning SevenOaks; (3) the trial court erred in its interpretation of Mississippi Code Annotated Section 11-35-45 and Rule 6(a) of the Mississippi Rules of Civil Procedure; and (4) the trial court's decision is against the overwhelming weight of the evidence.
¶ 4. Because issues I and III are substantively similar, we will analyze those issues together. Additionally, because issues II and IV are both procedurally barred for the same reason, we will discuss those issues simultaneously.
¶ 5. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 6. This Court reviews questions of law, which include summary judgments and motions to dismiss, de novo. City of Jackson v. Perry, 764 So.2d 373, 376(¶ 9) (Miss.2000) (citing Cooper v. Crabb, 587 So.2d 236, 239 (Miss.1991)). The decision to grant or deny a motion to dismiss is in the discretion of the trial court and will not be reversed unless that discretion is abused. Roebuck v. City of Aberdeen, 671 So.2d 49, 51 (Miss.1996).
I. DID THE TRIAL COURT ERR IN DENYING AIKEN'S MOTION TO CONTEST AND TO STRIKE SEVEN OAKS'S ANSWER?
III. DID THE TRIAL COURT ERR IN ITS APPLICATION OF MISSISSIPPI CODE ANNOTATED SECTION 11-35-45 AND RULE 6(c)?
¶ 7. In his argument that the circuit court improperly denied its motion regarding SevenOaks's answer, Aiken posits that Mississippi Code Annotated Section 11-35-45 (Rev. 2004) was "effectively superceded" by the adoption of Rule 6(c) of the Mississippi Rules of Civil Procedure. Section 11-35-45 provides, in pertinent part, as follows:
If the plaintiff believe [sic] that the answer of the garnishee is untrue, or that it is not a full discovery as to the debt due by the garnishee, or as to the property in his possession belonging to the defendant, he shall, at the term when *447 the answer is filed, unless the court grant further time, contest the same, in writing, specifying in what particular he believes the answer to be incorrect . . . .
¶ 8. The supreme court has held that Mississippi Code Annotated Sections 11-35-1-61 (Rev.2004) provides the procedural rules for a party who seeks to enforce or assail the enforcement of a garnishment. First Miss. Nat. Bank v. KLH Industries, Inc., 457 So.2d 1333, 1338 (Miss.1984). The supreme court has said that the statutes were supplemented by the Mississippi Rules of Civil Procedure "as may be found not inconsistent with those statutes." Id.
¶ 9. Aiken argues that pursuant to Rule 6(c) of the Mississippi Rules of Civil Procedure, he was not required to contest SevenOaks's answer within the term of court in which it was filed. Rule 6(c) provides as follows:
(C) Unaffected by Expiration of Term.
The period of time provided for the doing of any act or the taking of any proceeding is not affected or limited by the continued existence or expiration of a term of court. The existence or expiration of a term of court in no way affects the power of a court to do any act or take any proceeding in a civil action consistent with these rules.
¶ 10. KLH Industries puts this issue to rest. In discussing Rule 69(a) regarding enforcement of judgments, the supreme court opined:
According to Rule 69(a), the procedure required by the Rules themselves by which the holder of a judgment seeks to enforce that right and to secure that remedy, `shall be as provided by statute [the garnishment statutes].' [Emphasis added]. The Rules, therefore, defer to the garnishment statutes with regard to procedures to be followed in a garnishment action.
KLH Industries, Inc., 457 So.2d at 1337 (quoting M.R.C.P. 69(a)). Where the Mississippi Rules of Civil Procedure conflict with the garnishment procedure mandated by statute, the statute controls. Federal Sav. & Loan Ins. Corp. v. S. & W. Const. Co. of Tenn., 475 So.2d 145, 147 (Miss. 1985). Furthermore, M.R.C.P. 6(c) does not abolish court terms, it "merely provides greater flexibility to the courts in attending the myriad functions they must perform, many of which were heretofore possible only during term time." MRCP 6(c) cmt.
¶ 11. Aiken's argument that he did not have to comply with Section 11-35-45 is without merit. Without an extension of time from the trial court, under Section 11-35-45 Aiken should have filed his contest or objection by May 1, 2000. Aiken's June 2004 filing was too late.
¶ 12. Additionally, in a garnishment proceeding, the burden is on the garnishor to prove that the garnishee is liable to the judgment creditor. Grenada Bank v. Seligman, 164 Miss. 168, 173, 143 So. 474, 475 (1932). If the garnishor does not contest the garnishee's answer, the answer is taken as conclusive. Id. Thus, in failing to contest the answer, Aiken effectively conceded that SevenOaks did not owe S & R.
¶ 13. Furthermore, from the record before this Court, it is apparent that SevenOaks did not owe S & R anything which was subject to garnishment. At the time the garnishment was served, SevenOaks held $67,315.85 in reserve, payment of which was contingent on SevenOaks's purchase of accounts and its successful collection of the accounts. Seven-Oaks would only owe S & R the money if the accounts were purchased and if the accounts were successfully collected. "In general, a debt or claim which is uncertain *448 or contingent, in the sense that it may never become due and payable, is not garnishable." American Nat. Ins. Co. v. U.S. Fid. & Guar. Co., 215 So.2d 245, 248 (Miss.1968).
¶ 14. The trial court properly denied Aiken's contest and appropriately dismissed the garnishment. These arguments are without merit.
II. DID THE TRIAL COURT ERR IN FAILING TO GRANT SANCTIONS?
IV. WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 15. Aiken lists issues number II and IV in its statement of issues but fails to discuss the arguments in a substantive manner in its brief. Furthermore, Aiken never sought sanctions in the trial court, and Aiken never filed anything with the court indicating that its "verdict" was against the weight of the evidence. It is well-settled law in Mississippi that a trial judge will not be found in error for an issue that was not presented to him for a decision. Jones v. State, 606 So.2d 1051, 1058 (Miss.1992). As such, these issues are procedurally barred from our review.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. SOUTHWICK AND GRIFFIS, JJ., NOT PARTICIPATING.