MYERS, P.J.,
Concurring in Part, Dissenting in Part:
¶ 17. I concur with the majority insofar as it concludes that the circuit court erred in finding that the priority of garnishments is determined by the date of filing, rather than service of the writ on the garnishee. I also concur with the majority’s holding that, where service on the garnishee is facially defective, the date of service is the day that the garnishee effectively waives service. I cannot, however, join the majority’s decision to reverse and remand, because I would place the burden of proof on Y-D Lumber Company, Inc., and it is evident that Y-D failed to meet that burden.
¶ 18. The majority correctly rejects YD’s argument that the prior garnishors’ services of process were irredeemably defective because they were not served on the Sheriff of Humphreys County. As YD has relied entirely on this erroneous argument, it only put on proof to support this particular theory. The record is therefore insufficient to determine the priority of garnishments because Y-D failed to prove that it was entitled to relief vis-a- *798 vis the other garnishors.[3] The majority rewards this failure by offering Y-D another bite at the apple on remand, instructing the trial court simply to determine the true priority of garnishment. This result is not equitable, nor is it required by our law, as I shall explain.
¶ 19. When an employer is faced with multiple garnishments on the wages of its employee, Mississippi Code Annotated section 11-35-24(2) (Rev.2004) provides that:
Any such conflicting or subsequent garnishments on an employee of the garnishee shall be returned to the court issuing such writ of garnishment with a statement by the garnishee that a previous garnishment is in effect. Such statement shall operate as a stay of the subsequent garnishment until satisfaction of any prior garnishments has been made.
The statute does not elaborate on how a garnishor might challenge this “statement” by the garnishee that a prior garnishment is in effect, if the garnishor believes it is untrue. The majority offers no guidance, and it appears to hold that once a motion to determine priority of garnishments is filed, the impetus is on the trial court to determine priority of garnishments notwithstanding the contestant’s failure to make its case. This result, however, is not demanded by statute, nor is supported by precedent in Mississippi law. No authority is cited requiring it. In this respect, I cannot fault the majority, as there does not appear to be any authority directly on point.
¶ 20. Nonetheless, consistency with our garnishment law requires that we place the burden of proof squarely on the contestant, Y-D. Although the statute does not clearly define the form of the section 11-35-24(2) “previous garnishments statement” of the garnishee, it does provide that when previous garnishments are in effect, on receiving the writ of garnishment, the garnishee “shall” return it to the issuing court “with a statement ... that a previous garnishment is in effect.” This statement is, for all intents and purposes, an answer or a part of the answer of the garnishee.[4] It should, therefore, be contested as an answer of the garnishee must be contested.
¶ 21. Under our law, the answer of a garnishee is taken as true unless contested by the garnishor. Grenada Bank v. Seligman, 164 Miss. 168, 173, 143 So. 474, 475 (1932). Once contested, the burden of proving the answer false lies with the contestant. Id. The issue before the trial court is also expressly limited to the truth or falsity of the answer, and the contestant must specify in writing “in what particular he believes the answer to be incorrect.” Miss.Code Ann. § 11-35-45 (Rev.2004).
¶ 22. If we take Y-D’s “motion to determine priority of garnishments” as a contest of the County’s answer, the majority’s disposition of the case is indefensible. The trial court erred not only in its application of the statute, but more fundamentally in purporting to determine the priority of garnishments, as Y-D did not meet its burden to prove the order stated in the County’s answer untrue. Remand is not required, and the trial court’s decision granting Y-D’s motion to determine priority of garnishments vis-a-vis the other gar- *799 nishors should be reversed and rendered, allowing the order stated in the County’s answer to stand.[5] The decision of the trial court should otherwise be affirmed. Accordingly, I respectfully concur in part and dissent in part.
KING, C.J., AND ISHEE, J., JOIN THIS SEPARATE OPINION.

. When I speak of the "other garnishors,” I do not include the IRS.

. Although the record does not contain Hum-preys County’s answer, it is evident from the record that the County actually incorporated the "previous garnishments statement” required by section 11-35-24(2) into its answer. Indeed, at times, the proceeding was described as a contest of the County’s answer to Y-D's writ of garnishment.

. I feel I should address the issue of mandatory joinder of the other garnishors. Clearly, the trial court should have joined the prior garnishors, as the majority states, but this error does not require remand. It is harmless to the other garnishors because Y-D failed to make its case and the trial court should not have adjudicated the priority of garnishments. Thus, allowing the County's answer to stand cannot prejudice the other garnishors; it would leave them in exactly the same position they would have been had Y-D not brought this contest.