# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CA-01414-COA

**BLUE CROSS AND BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE COMPANY**                                        **APPELLANT**

**v.**

                                                                                                                            **APPELLEE**

**BROWN AND BROWN OF MISSISSIPPI, LLC**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/02/2020 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | JAMES ALTUS McCULLOUGH II WILLIAM DEMENT DRINKWATER |
| ATTORNEY FOR APPELLEE: | MARIANO JAVIER BARVIÉ |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED, RENDERED, AND REMANDED - 02/08/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WILSON, P.J., GREENLEE AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1. Blue Cross and Blue Shield of Mississippi, a Mutual Insurance Company (BCBS) appeals from the circuit court's final judgment granting a motion to compel payment pursuant to a garnishment filed by Brown and Brown of Mississippi LLC (Brown).

## FACTS AND PROCEDURAL HISTORY

¶2. On January 19, 2015, Sherri Baker and BCBS entered into a "Certified Agent Agreement" that provided for Baker to sell BCBS insurance products in exchange for a commission. On July 13, 2015, Baker assigned any compensation to which she might be

entitled as a result of her agreement with BCBS to Coast Benefit Professionals LLC (Coast Benefit).

¶3. About twenty-nine months later on January 11, 2018, and April 10, 2018, Brown obtained two judgments against Baker in federal court in the total amount of $127,413.69. Brown enrolled those judgments in Harrison County, Baker's county of residence. On May 24, 2018, Brown filed suit against Baker in the Circuit Court of Harrison County, Mississippi, Second Judicial District, to enforce its judgments. On July 3, 2019, Brown filed suggestions for writs of garnishment against BCBS, Coast Benefit. and The Peoples Bank. Writs of garnishment were issued for each company the same day.[1]

¶4. The Peoples Bank answered the garnishment on August 1, 2019, showing it was indebted to Baker.  While not clear from the record, The Peoples Bank apparently paid the monies it held, as of the date of service of the writ, over to Brown. The garnishment of The Peoples Bank is not relevant to this appeal.

¶5. BCBS answered its garnishment on August 7, 2019, denying that it was indebted to Baker and that all commissions due to her were payable to Coast Benefit pursuant to the assignment.

¶6. Baker filed an answer on behalf of Coast Benefit on October 29, 2019, in the form of a motion to quash, alleging that "she is not an employee of Coast Benefit Professionals L.L.C., but rather is the sole member of the entity, making the Writ of Garnishment improper before the Court." The motion to quash was never noticed for hearing or otherwise disposed

---

[1] No party has disputed the proper enrollment of the judgments, or the propriety of the writs of garnishment issued.

of by the circuit court. That garnishment also is not an issue on this appeal.[2]

¶7.     Brown submitted requests for production of documents and requests for admissions to BCBS on November 8, 2019. BCBS served notice of its answers to Brown's requests on December 5, 2019. Brown also submitted requests for production of documents and requests for admissions to Baker on March 6, 2020. There is no indication in the record whether Baker responded to those requests.

¶8.     On August 19, 2020, Brown filed a motion to compel payment from BCBS pursuant to the garnishment alleging that based upon information it obtained in discovery, any commissions from BCBS were earned by and belong to Sherri Baker and not her company, Coast Benefit. The motion failed to identify the specific discovery response(s) upon which it relied.[3] BCBS responded to Brown's motion to compel on October 2, 2020, arguing that Brown's motion to compel should be denied because first, Brown failed to timely contest BCBS's answer to garnishment and second, even if Brown had timely contested its answer, "Blue Cross owed no money to Ms. Baker at the time the writ was served or at any time

---

[2] We note that in a separate action in chancery court, Brown applied for and was granted a "charging order" pursuant to Mississippi Code Annotated section 79-29-705 (Rev. 2016) immediately effectuating the assignment of "any and all interest of [Baker] in [Coast Benefit] to Brown entitling and requiring that said company provide to [Brown] all profits and losses, to receive such distribution or distributions and to receive such allocations of income, gain, loss, deduction, credit or similar items to which Sherri Baker would have been entitled." The charging order was corrected by an order to add that Baker was entitled to any statutory exemptions to garnishment. Those orders are the only docket items from that action contained in this appellate record, but they show that the garnishment as to Coast Benefit was ultimately resolved in Brown's favor.

[3] Brown also points to correspondence from BCBS counsel through which Brown alleges BCBS "admits" commissions earned are the property of Baker.

thereafter." Brown filed its reply on October 9, 2020.

¶9.    The motion to compel was heard on October 22, 2020. There was no testimony or other evidence presented at the hearing. After hearing the arguments of counsel and considering the pleadings and the attachments thereto, the circuit court granted Brown's motion. In its bench ruling, the circuit court found that according to the Certified Agent Agreement, BCBS was to pay the agent, Baker, not Coast Benefit. The trial court further found that Baker earned the commissions and that they were owed to her. Basically, the circuit court found the assignment to be of no effect. The court ordered BCBS to "tender payments to [Brown] for any commissions earned by [Baker] from July 11, 2019 until the Judgment is satisfied in full." The circuit court further ordered that "pursuant to Miss. Code Ann. §§ 11-35-45, 11-35-51 and Mississippi Rule of Civil Procedure 54(b), there is no just reason to delay entry of a final judgment on [Brown's] claims against [BCBS], and the Court directs entry of a final judgment on [Brown's] claims against [BCBS]." Counsel for Brown prepared the order, and the final judgment was entered on December 2, 2020.

¶10.    Aggrieved by that decision, BCBS appeals, alleging that (1) the circuit court erred in finding BCBS liable for a garnishment when Brown did not file a written contest to BCBS's garnishment answer until one year after the expiration of the court term when BCBS's garnishment answer was filed; (2) the circuit court erred in finding BCBS liable for a garnishment when Baker had assigned her payment rights four years before BCBS was served with the writ of garnishment; (3) the circuit court erred in finding BCBS liable for a continuing garnishment when Baker was an independent contractor and not a BCBS

4

employee; and (4) the circuit court erred by not awarding BCBS its costs and attorney's fees incurred in defending Brown's contest to BCBS's garnishment answer.

## STANDARD OF REVIEW

¶11. This court has held that because "attachment and garnishment are proceedings in derogation of the common law, strict compliance with statutory norms and procedures is imperative whenever they are employed." *Fed. Sav. & Loan Ins. Corp. v. S. & W. Constr. Co. of Tenn. Inc.*, 475 So. 2d 145, 147 (Miss. 1985). Where the circuit judge hears the case without a jury, "this Court must affirm the judgment unless the trial court was manifestly wrong." *Int'l Harvester Co. v. Peoples Bank & Tr. Co.*, 402 So. 2d 856, 860 (Miss. 1981). This Court reviews questions of law de novo. *R. W. Aiken Ins. Agency Inc. v. Sevenoaks Capitol Corp.*, 930 So. 2d 444, 446 (¶6) (Miss. Ct. App. 2006).

## ANALYSIS

### I. Whether the circuit court erred in finding BCBS liable under the garnishment.

¶12. After BCBS filed its answer to the writ of garnishment, the burden shifted to Brown to contest the answer. The requirements are set forth by statute. Mississippi Code Annotated section 11-35-45 (Rev. 2019) provides as follows:

> If the plaintiff believe that the answer of the garnishee is untrue, or that it is not a full discovery as to the debt due by the garnishee, or as to the property in his possession belonging to the defendant, he shall, at the term when the answer is filed, unless the court grant further time, contest the same, in writing, specifying in what particular he believes the answer to be incorrect. Thereupon the court shall try the issue at once, unless cause be shown for a continuance, as to the truth of the answer, and shall render judgment upon the facts found, when in plaintiff's favor, as if they had been admitted by the answer, but if the answer be found correct, the garnishee shall have judgment for costs against

5

the plaintiff.

In *Grenada Bank v. Seligman*, 164 Miss. 168, 143 So. 474, 475 (1932), the supreme court

described the process as follows:

> A garnishee's answer is conclusive until contested, as provided by [what is now section 11-35-45], *Williams v. Jones*, 42 Miss. 270 [(1868)], and, upon a contest of the garnishee's answer, the burden of proof is upon the judgment creditor to show that it is untrue, *Gordin v. Moore*, 62 Miss. 493 [(1885)].

In the present case, Brown did not file a contest of the answer during the August 2019 term

in which the answer was filed. Instead, in August 2020, a year later, Brown filed a motion

to compel payment in which Brown challenged the "truthfulness" of the answer. In *Aiken* the

Court found that "without an extension of time from the trial court, under Section 11-35-45"

a contest filed substantially after the term of court was too late.[4] *Aiken*, 930 So. 2d at 447

(¶11).

¶13.    In any event, the circuit court addressed the merits of Brown's challenge. BCBS's

answer denied that it was indebted to Baker. In relevant part, BCBS said:

> BCBSMS was not indebted to Defendant at the time of the service of the Writ to BCBSMS and is not currently indebted to Defendant based upon information and belief. BCBSMS would affirmatively show that Sherri Baker is a BCBSMS Certified Agent and does earn commissions related to the sale of BCBSMS products; however, any such commissions are payable to Coast Benefit Professionals, LLC and not Sherri Baker individually.

In the circuit court and on appeal, BCBS argued that the answer was truthful because Baker

---

[4] The circuit court found that Brown was not dilatory in bringing its contest of the answer and allowed the contest to proceed. However, Brown did not file a written contest to the answer during the term of court in which the answer was filed and did not seek an extension of time from the trial court during that term. Because Brown did not strictly comply with the statute in this regard, based upon the authority of *Federal Savings & Loan* and *Aiken*, the motion to compel should have been denied as untimely.

6

had assigned her interest in any commissions she was owed from BCBS to Coast Benefit years earlier.

¶14. Brown argued before the circuit court that certain discovery responses show Baker earned the commissions, the commissions belonged to her, and, they were owed to her, not a company. Brown argued that because the commissions are earned by and belong to Baker, what the agent does with those commissions is "really of no consequence as to the garnishment."

¶15. In its bench ruling in favor of Brown, the circuit court acknowledged there had been an assignment years earlier but found the Certified Agent Agreement was controlling. The court reasoned that it was Baker who signed the Certified Agent Agreement, not a corporation or a company. The circuit court found that BCBS knew their contract was with Baker, the agent. As to BCBS's position, the circuit court stated:

> And now you are asking the Court for monies that are due Ms. Baker when she assigned to her own company but she earned – by her own admissions she earned them and they were owed to her. And just because she said, oh, don't pay it to me, pay it to this, my company, you knew it was hers. You should have paid it. I'm granting the motion.

Then, in the final order, the circuit court specifically found:

> The Court hereby finds that at the time of the service of Writ of Garnishment on Blue Cross and Blue Shield of Mississippi by Brown and Brown of Mississippi, LLC, Blue Cross and Blue Shield of Mississippi was aware according to its own documents that the commissions belong to the Agent, individually, and not any Corporations, LLC's, or any other entities of which agents may be a member.

¶16. On appeal, Brown argues for the first time that Baker's assignment of compensation to Coast Benefit is invalid based on the following language found in Section 3.15 of the

7

Certified Agent Agreement:

> No assignment of this Agreement or any assignment of compensation payable hereunder shall be valid without the written consent of company. Agent agrees that an assignment of compensation by an agent to a business entity as defined under *MCA* §83-17-53(a)(2003) and approved by the company, will only be allowed in circumstances whereby agent is an employee of business entity and there exist an employer/employee relationship between business entity and agent. Company may require business entity to have an agreement with company in order to approve assignment of compensation. Company has the full discretionary authority to approve or disapprove assignment of compensation under this Agreement.

¶17. The validity of the assignment was not raised in the motion to compel or argued before the circuit court. "In order to raise such an argument before this Court, . . . [Brown] must have first raised this argument in the trial court—which they did not. We will not consider issues raised for the first time on appeal." *Anderson v. LaVere*, 136 So. 3d 404, 410 (¶27) (Miss. 2014).

¶18. While Brown argued and the circuit court found that the assignment by Baker was of no effect, in *Saxon Group Inc. v. South Mississippi Electric Power Ass'n*, 285 So. 3d 693, 698 (¶13) (Miss. Ct. App. 2019), this Court said:

> "The general rule in Mississippi is that the right to receive money due or to become due under an existing contract may be assigned." *S. Miss. Planning and Dev. Dist. v. Alfa Gen. Ins. Corp.*, 790 So. 2d 818, 820 (¶12) (Miss. 2001) (citing *Great S. Nat'l Bank v. McCullough Envtl. Servs. Inc.*, 595 So. 2d 1282, 1286 (Miss. 1992)).

We agree that Baker earned and was due commissions from BCBS under the Certified Agent Agreement. However, Baker also had the right to assign to another her rights to any commissions due under the agreement/contract. Baker executed the assignment to Coast Benefit on July 9, 2015, and it was "recorded, filed and accepted" by BCBS on July 13, 2015,

8

nearly four years prior to the issuance of the garnishment on BCBS. As noted above, BCBS had full discretionary authority to "approve or disapprove assignment of compensation under this Agreement." "It has long been held that a valid assignment of a debt or contract conveys the entire interest of the assignor to the assignee, and thereafter the assignor has no interest therein." *Int'l Harvester*, 402 So. 2d at 861. "Only those funds 'belonging to [Baker]' are subject to the garnishment proceeding." *Consol. Pipe & Supply v. Colter*, 735 So. 2d 958, 961 (¶17) (Miss. 1999).[5]

¶19.    We find that Baker had lawfully assigned her interest in commissions under the Certified Agent Agreement to Coast Benefit years before BCBS was served with the writ of garnishment. Therefore, when BCBS was served with the writ, it truthfully answered that it was not indebted to Baker. The circuit court erred by finding otherwise.

**II.    Whether BCBS is entitled to costs and attorney's fees.**

¶20.    BCBS also argues that it is entitled to its costs and attorney's fees in defending the garnishment contest. Mississippi Code Annotated section 11-35-45 as cited above, provides that "if the answer be found correct, the garnishee shall have judgment for costs against the plaintiff." Because we find in favor of BCBS, the garnishee, it is entitled to its costs under the statute.

¶21.    Our supreme court has held:

> Generally, "unless a statute or contract provides for imposition of attorney fees, they are not recoverable." *Stokes v. Board of Directors of La Cav Imp.*

---

[5] In *Consolidated Pipe*, the supreme court found that the property of the judgment debtor in the hands of the garnishee defendant was bound by the garnishment proceeding because the assignment came after service of the writ of garnishment. *Id.* at (¶15).

9

*Co.*, 654 So. 2d 524, 529 (Miss.1995) (quoting *Century 21 Deep South Props., Ltd. v. Corson*, 612 So. 2d 359, 375 (Miss.1992)) (internal quotations omitted). Absent a "contractual provision or statutory authority providing for attorney fees, they may not be awarded as damages unless punitive damages are also proper." *Id*. (quoting *Smith v. Dorsey*, 599 So. 2d 529, 550 (Miss.1992)).

*Coleman & Coleman Enters. Inc. v. Waller Funeral Home*, 106 So. 3d 309, 318 (¶26) (Miss. 2012). "Punitive damages are only appropriate in the most egregious cases so as to discourage similar conduct and should only be awarded in cases where the actions are extreme." *Warren v. Derivaux*, 996 So. 2d 729, 738 (¶28) (Miss. 2008) (quoting *Paracelsus Health Care Corp. v. Willard*, 754 So. 2d 437, 442 (Miss. 1999), *abrogated on other grounds by Cmty. Care Ctr. of Aberdeen v. Barrentine*, 160 So. 3d 216, 219 (¶¶8, 12) (Miss. 2015)). This is obviously not a punitive damages case, and there is no express provision for attorney's fees. This case shall be remanded to the circuit court for a determination of BCBS's other costs pursuant to section 11-35-45.

## CONCLUSION

¶22. For the reasons set forth above, we find that the circuit court erred in entering the judgment in favor of Brown. The circuit court's judgment is reversed, and judgment is rendered in favor of BCBS. This matter is remanded to the circuit court to decide the issue of costs under section 11-35-45.

¶23. **REVERSED, RENDERED, AND REMANDED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. SMITH, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**